UNITED STATES of America, Plaintiff-Appellee,

v.

Jose F. URIARTE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Daniel RAMIREZ–URIARTE, Defendant-Appellant.

Nos. 77–1117, 77–1145.

United States Court of Appeals, Ninth Circuit.

March 2, 1978.

Rehearing and Rehearing En Banc Denied in No. 77–1145 April 26, 1978.

Rehearing and Rehearing En Banc Denied in No. 77–1117 May 15, 1978.

Michael J. McCabe (argued), Frank J. Ragen, II (argued), San Diego, Cal., for defendants-appellants.

Herbert B. Hoffman, Asst. U. S. Atty. (on the brief), Terry J. Knoepp, U. S. Atty., Herbert B. Hoffman, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and JAMESON,* District Judge.

TRASK, Circuit Judge:

Appellants Daniel Ramirez-Uriarte (herein Ramirez) and Jose F. Uriarte (herein Uriarte) appeal from their jury convictions for conspiracy to import marijuana (21 U.S.C. §§ 952, 960 and 963), and conspiracy to possess marijuana with intent to distribute (21 U.S.C. §§ 841(a)(1) and 846).

The alleged conspiracy involved multiple incidents of border crossings with car and truck loads of marijuana. The government's chief witness was one of the coconspirators, Arthur LaSalle. LaSalle told the court the details of the conspiracy as it functioned in late 1975 and early 1976. At the instruction of either appellants or a coconspirator Eliseo, LaSalle would go to Mexico and drive marijuana laden vehicles to California.

I.

Ramirez complains that the trial court impermissibly admitted evidence concerning his previous March 1972 arrest for possession of 301 kilos of marijuana. The government sought to introduce this evidence on alternative theories that it was

* Honorable William J. Jameson, United States Senior District Judge, for the District of Montana, sitting by designation.

admissible as a prior similar act, or, it might be deemed part and parcel of the conspiracies alleged. Ramirez argues that this evidence was not relevant and was highly prejudicial. He further claims that the trial court did not properly balance this evidence's probative value against the potential prejudice.

The 1972 arrest was admissible and relevant on at least two theories: First, it was evidence of the conspiracy charged. The indictment in this case set no starting date for the conspiracy. The 1972 arrest was for transporting large quantities of marijuana in a car. The indictment charged Ramirez with conspiring to transport marijuana in cars and trucks. This makes the evidence of the 1972 arrest relevant to show both material facts relating to the conspiracy and that the conspiracy was continuing along the same lines, *United States v. Bonanno*, 467 F.2d 14 (9th Cir. 1972), *cert. denied*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973). · Second, this evidence is admissible as proof of a plan or scheme, or to show *modus operandi* under Fed.R.Evid. 404(b). *See, e. g., United States v. Brashier*, 548 F.2d 1315, 1325–26 (9th Cir. 1976).

Considering the high probative value of this evidence, the testimony concerning the 1972 arrest was properly admissible.

### II.

■ Ramirez also argues that rebuttal evidence given in connection with testimony on the 1972 arrest was error. No objection was made to this testimony at trial. Accordingly, absent plain error, there can be no reversal. *Marshall v. United States*, 409 F.2d 925 (9th Cir. 1969). There was no plain error, and Ramirez has not shown any abuse of discretion in the trial judge admitting this evidence. *United States v. Perez*, 491 F.2d 167, 173 (9th Cir.), *cert. denied*, 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1974).

### III.

■ Appellant Uriarte complains that evidence of Ramirez's 1972 arrest created improper inferences prejudicial to him. No testimony linked Uriarte to this 1972 inci-dent. Based on the prejudicial nature of this evidence, Uriarte moved for severance, but it was denied. The test for when severance should be granted is found in *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976):

> The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever. (citations omitted)

Similar cases have arisen where members of the conspiracy who entered late, or were not involved in all aspects of the conspiracy, have been denied severance. This court has not found it impossible to try coconspirators together, even when not all of the evidence admitted applied to each coconspirator. *United States v. Murray*, 492 F.2d 178 (9th Cir. 1973), *cert. denied*, 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974); *see United States v. Witt*, 215 F.2d 580 (2nd Cir.), *cert. denied*, 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954).

As a safeguard, Uriarte was given a limiting instruction regarding the 1972 arrest. With this instruction, it is hard to see how Uriarte was unduly prejudiced by the joint trial. The trial court properly denied the motion for severance.

### IV.

■ Uriarte also argues that the government's chief witness, Arthur LaSalle, impermissibly testified about other criminal activity in which Uriarte was involved.

During his testimony, LaSalle related to the jury how he became involved with the smuggling conspiracy. He said that in 1975 he was approached by Uriarte and asked if he wanted to help smuggle illegal aliens into the United States. LaSalle further stated that after these runs, he started transporting marijuana for Uriarte and Ramirez.

Uriarte claims this evidence could only have been admitted to show his criminal disposition and that is impermissible under Fed.R.Evid. 404(b). Appellant overemphasizes the importance of this evidence. It

was relevant for other matters. Evidence relevant to the existence and aims of the conspiracy is admissible. *United States v. Testa*, 548 F.2d 847, 851 (9th Cir. 1977); *United States v. Murray, supra*, 492 F.2d at 190.

For the first time on appeal, Ramirez objects that the jury instructions were fundamentally in error because they did not adequately explain the elements of the crime. Rule 30 of the Federal Rules of Criminal Procedure precludes review regarding jury instructions if there was no objection below and no plain error is apparent. A review of the instructions reveals no plain error. The jury was properly instructed.

The judgment below is affirmed as to both appellants.