**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Traverse H. COOKE, a/k/a Trevor,**
**Defendant-Appellant.**

No. 85–3873.

United States Court of Appeals,
Sixth Circuit.

May 22, 1986.

Allen Brown, Cincinnati, Ohio, for defendant-appellant.

Kathleen M. Brinkman, William E. Hunt, U.S. Attys., Cincinnati, Ohio, for plaintiff-appellee.

Before ENGEL, CONTIE and RYAN, Circuit Judges.

RYAN, Circuit Judge.

Appellant Traverse "Trevor" Cooke appeals his conviction by jury in federal district court of: (1) conspiracy to possess with intent to distribute and conspiracy to distribute marihuana in violation of 21 U.S.C. § 846; (2) aiding and abetting possession of 250 pounds of marihuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) aiding and abetting interstate travel to promote an unlawful business enterprise, a violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2; and (4) use of a telephone to

facilitate a conspiracy to distribute marihuana, a violation of 21 U.S.C. § 843(b). Four issues are presented: whether appellant was prejudiced by his detention pending trial; whether appellant's conviction on both conspiracy and aiding and abetting charges violates the double jeopardy clause; whether the voice identifications at trial were properly made; and whether the trial court barred voice identification testimony by Cooke's only defense witness.

Cooke timely filed notice of his intent to appeal and sought permission to appeal *in forma pauperis,* which was denied. Cooke's trial counsel was not retained for the appeal; he filed a brief, however, to comply with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and 6th Cir.R. 12(d)(3). We conclude that the brief substantially complies with *Anders* and 6th Cir.R. 12(d)(3). We have carefully considered the issues presented and find no error. Therefore, the judgment of the district court is affirmed.

### I.

Cooke is an illegal Jamaican immigrant. He was arrested for the offenses of which he was convicted on June 10, 1985. He posted bond, and was immediately arrested on a warrant of deportation.

The government then sought a writ of *habeas corpus ad prosequendum* in the Federal District Court for the Southern District of Ohio. The writ was granted, and Cooke was transferred to the custody of federal authorities in Ohio. After a hearing, Magistrate Robert Steinberg issued an order detaining Cooke pending trial. Cooke did not appeal the magistrate's decision to the district court.

Cooke's conviction arises out of his activities in Florida as a marihuana supplier. From his home in Florida, where he was arrested, he acted in concert with others to deliver marihuana to Ohio. The particular transaction on which his convictions are based involved 250 pounds of marihuana.

The evidence presented at trial included tape recordings of telephone conversations between Cooke and others involved in the conspiracy. One of the witnesses at trial was Brian Crossty, a codefendant who pled guilty to charges in the indictment and agreed to testify at Cooke's trial.

In August 1984, Crossty called Cooke in Florida and arranged for the transfer of 250 pounds of marihuana. Crossty's wife carried $70,000–$75,000 to Cooke in Florida, and two of Crossty's associates returned to Ohio with marihuana supplied by Cooke, where it was seized by the FBI.

Recordings of telephone conversations in which Cooke was a participant regarding the August 1984 marihuana delivery were played at trial. FBI Special Agent Jeffrey Lang identified Cooke's voice. Lang testified that he heard Cooke speak in open court in Florida and Ohio and was satisfied that the voice on the tape was Cooke's.

Cooke's only defense witness was Clement "Pops" Leacock, who listened to three tapes of phone calls to which Cooke was allegedly a party. He positively identified a voice on one of the tapes as Cooke's, but was unsure as to the other two tape recordings.

### II.

The first issue raised in the *Anders* brief is Cooke's claim that "the proper forum for filing the writ of *habeas corpus ad prosequendum* was the Southern District of Florida," where Cooke was being held on immigration charges. More specifically, the issue is whether the government, by filing the writ in the Southern District of Ohio, improperly denied Cooke the opportunity to prepare his alibi defense, evidence of which was in the Miami, Florida area. Unlike all the other defendants whose criminal acts centered in Ohio, Cooke's conduct occurred in Miami, Florida.

A writ of *habeas corpus ad prosequendum* is necessary to "remove a prisoner in order to prosecute him in the *proper jurisdiction* wherein the offense was committed." *Carbo v. United States,* 364 U.S. 611, 615, 81 S.Ct. 338, 341, 5 L.Ed.2d

**530**

329 (1961) (emphasis in original). A federal district court has jurisdiction to issue a writ of *habeas corpus ad prosequendum* which orders the production of a prisoner outside the territorial limits of the district. *Id.* at 621, 81 S.Ct. at 344. We hold that the District Court for the Southern District of Ohio properly ordered Florida authorities to produce Cooke. Venue was proper in the Southern District of Ohio where the activities of all defendants, except Cooke, were centered. *See United States v. Nicoll,* 664 F.2d 1308, 1311 (5th Cir.), *cert. denied,* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1330 (1982), *overruled on other grounds, U.S. v. Henry,* 749 F.2d 203 (5th Cir.1984).

Cooke did not appeal the magistrate's order of pretrial detention. After conviction, the Court of Appeals has consistently refused to consider issues relating to pretrial release. *See, e.g., United States v. Skipper,* 633 F.2d 1177, 1179 (5th Cir.1981). Since Cooke did not appeal the detention order before his conviction, we will not review the issue.

## III.

■ The second issue raised by the *Anders* brief is that the double jeopardy clause was violated by appellant's conviction of conspiracy to possess marihuana with intent to distribute, and aiding and abetting the possession of marihuana with intent to distribute, because the same overt acts, interstate phone calls, were used to establish both crimes. It is well-established that only where "the substantive offense and the conspiracy are identical does a conviction for both constitute double jeopardy." *Pereira v. United States,* 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954). The double jeopardy clause is not offended when a defendant is prosecuted for violation of two federal statutes on the basis of the same criminal activity, as long as each statute requires proof of a fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ In this case, the proofs required for conviction of the substantive offense and the conspiracy are not identical. Unlike

aiding and abetting the possession of marihuana with intent to distribute, conviction of conspiracy to possess marihuana with intent to distribute requires proof of an agreement. *See United States v. McCullah,* 745 F.2d 350, 355–356 (6th Cir.1984). We hold that the double jeopardy clause was not violated by Cooke's conviction on both the conspiracy and the aiding and abetting counts.

## IV.

The third issue presented in the *Anders* brief relates to the method by which the trial court allowed the jury to identify Cooke's voice from the wiretap recordings presented at trial. We have reviewed the record on the manner of voice identification and find no error.

■ "The standard for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time." *United States v. Rizzo,* 492 F.2d 443, 448 (2d Cir.), *cert. denied* 417 U.S. 944, 94 S.Ct. 3069, 41 L.Ed.2d 665 (1974). Fed.R.Evid. 901(b)(5). Special Agent Lang testified that he heard the defendant in open court in Florida and Ohio. Brian Crossty, the co-conspirator who testified against appellant, testified that he obtained marihuana from appellant on at least fifteen occasions. We conclude the standard of admissibility was satisfied.

■ While the trial court allowed the jurors to examine government-prepared transcripts of the wiretap recordings that were received in evidence, it also cautioned the jury that the transcripts were not evidence. We think the instruction was sufficient to prevent prejudice. *See United States v. McMillan,* 508 F.2d 101, 105–106 (8th Cir.1974), *cert. denied* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). *See also, United States v. Robinson,* 707 F.2d 872, 876–879 (6th Cir.1983) (admission of transcripts rests in sound discretion of trial court).

## V.

■ The final issue raised in the *Anders* brief is that the trial court barred voice

identification testimony by Cooke's only defense witness, Clement "Pops" Leacock. At trial, Leacock listened to three of the forty-three tapes presented. On direct examination, he was asked if any of the voices on the three tapes appeared to be Trevor Cooke's. Leacock stated that he distinctly recognized Cooke's voice on one of the tapes, but was unsure as to the other two tapes. Defense counsel again asked if Leacock could recognize the voice in the two tapes, and he responded, "I can't really recollect who they are." When defense counsel again asked Leacock if it was Cooke's voice on the two tapes, the government interposed an objection, which the trial court sustained on the basis that the question had been asked and answered. We find no error in this ruling, and hold that the trial court correctly sustained the government's objection and did not improperly bar defense voice identification evidence.

For all of the foregoing reasons, the judgment of the district court is affirmed.