892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde Eugene YANT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Clyde Eugene YANT, Defendant-Appellee.
 No. 88-5310, 88-5346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1989.
Decided Jan. 8, 1990.
 
 Before HUG, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Clyde Eugene Yant ("Yant") appeals his conviction after a six-day jury trial for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The Government cross-appeals Yant's sentence. We affirm the district court on the issues raised under Yant's appeal and remand on the cross-appeal.
 
 I. Tape-Recorded Conversations
 
 3
 Yant appeals the admission of his tape-recorded telephone conversations, contending that his voice was not properly authenticated.
 
 
 4
 The admissibility of recorded conversations is reviewed under an abuse of discretion standard. United States v. Mouton, 617 F.2d 1379, 1383-84 (9th Cir.), cert. denied, 449 U.S. 860 (1980). The trial court considers the accuracy, authenticity, and general trustworthiness of the recording. Id. at 1383 (citing United States v. King, 587 F.2d 956, 961 (9th Cir.1978)). Fed.R.Evid. 901(b)(5) governs the authentication or identification of a voice. See also Fed.R.Evid. 901(b)(6) (telephone conversations). "[S]trict compliance" with the authenticity rules of evidence is required. United States v. Perlmuter, 693 F.2d 1290, 1292 (9th Cir.1982).
 
 
 5
 The tape recordings in issue consist of telephone conversations between Yant and a confidential informant Steven Boubon ("Boubon"). During these taped telephone calls, the negotiation was made and delivery was arranged for the methamphetamine.
 
 
 6
 Yant does not dispute the quality of the recording or the existence of an effective foundation that the recording was properly made and preserved. Instead, Yant argues that the authentication of his voice on the recording was improper because it was "based on a single witness with insubstantial contacts with an accused." Although Special Agent Denley did not participate in the conversations which were recorded, she listened to the tapes and identified Yant's voice after being present and listening to him while he was questioned by two other agents. Denley's testimony was the principal evidence at trial connecting Yant to the crime.
 
 
 7
 This authentication is sufficient to meet the strictures of Rule 901(b)(5). There is no requirement of contemporaneousness. The rule expressly provides that voice identification may be "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." (Emphasis added.) As one respected commentator has noted, "[i]dentification can be based upon familiarity acquired either before or after the disputed conversation and need only be so reliable as to make out a prima facie case of identification." 5 J. Weinstein & M. Berger, Weinstein's Evidence, at 901-68, p 901(b)(5) (1989 ed.) (emphasis added).[1] Based on these facts, we conclude that the requisite familiarity with the speaker's voice was established consistent with the rule.
 
 II. Sufficiency of the Evidence
 
 8
 Yant contends that there was insufficient evidence to convict him of possession with intent to sell methamphetamine because he did not exercise "dominion and control" over the contraband. The sufficiency of the evidence is reviewed in the light most favorable to the Government to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 9
 In order to aid and abet a crime, "it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seeks by his action to make it succeed.' " United States v. Batimana, 623 F.2d 1366, 1370 (9th Cir.) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir.1938) (L. Hand, J.)), cert. denied, 449 U.S. 1038 (1980).
 
 
 10
 The basis for aiding and abetting, according to the Government, is Yant's telephone negotiation of the sale and arrangement for delivery of the methamphetamine. The Government correctly argues that this conduct establishes Yant's association with the criminal venture, his participation in it, and seeking by his actions to make it a success. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 109 S.Ct. 369 (1988). See also United States v. Disla, 805 F.2d 1340, 1352 (9th Cir.1986) (noting the "government must show not only that the defendant participated in the criminal venture, but that he intentionally assisted the venture's illegal purpose") (citations omitted).
 
 
 11
 Yant misconstrues Disla to hold that such telephone calls cannot establish aiding and abetting. Disla did not hold that telephone calls concerning negotiations for delivery of contraband could never provide an evidentiary basis for conviction. Instead, on the facts in that case, the evidence was insufficient to support a conviction. We stated, "The government ... has produced no evidence as to the content of the telephone communications and no other evidence establishing Disla's connection to the cocaine seized." Id. Unlike Disla, the content of the telephone calls demonstrating Yant's negotiation and planning role was sufficient evidence to support the conviction under an aiding and abetting theory.
 
 III. Methamphetamine Laboratory Evidence
 
 12
 Yant argues that the district court abused its discretion in admitting evidence of his ties to the existence of a methamphetamine laboratory in Placerville. See, e.g., United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.) (admission of evidence under Fed.R.Evid. 404(b) and Fed.R.Evid. 403 reviewed under abuse of discretion standard), cert. denied sub nom. Alvis v. United States, 484 U.S. 914 (1987). The Government responds that the evidence was admissible under any of three independent theories: (1) to prove conspiracy; (2) to demonstrate involvement in a single criminal episode; and (3) to show identity and preparation and plan under Fed.R.Evid. 404(b).
 
 
 13
 We find that the laboratory evidence was admissible as direct evidence of the conspiracy alleged under Count I of the Indictment. See id., at 452; United States v. Uriarte, 575 F.2d 215, 217 (9th Cir.), cert. denied, 439 U.S. 963 (1978). As a result of this disposition, it becomes unnecessary to reach the alternative theories proposed by the Government for admitting the evidence.
 
 
 14
 Yant asserts that the district court should have given a limiting instruction to restrict the evidence to the conspiracy issue. We find this argument unpersuasive because Yant has failed to show that he requested a limiting instruction. See Fed.R.Evid. 105 (limited admissibility instruction given "upon request"). If error at all, the lack of a limiting instruction does not rise to the level of plain error under Fed.R.Crim.P. 52(b).
 
 IV. Whether the Appeal Should be Remanded
 
 15
 The Government cross-appeals, asking for remand for resentencing under the United States Sentencing Commission's Sentencing Guidelines.
 
 
 16
 Yant was sentenced on August 29, 1988 to a ten-year term in prison followed by three years of supervised release. The district court declined to apply the Guidelines, despite the Government's request.[2]
 
 
 17
 The Government's request for remand is granted, as required under United States v. Kane, 876 F.2d 734 (9th Cir.), cert. denied, 110 S.Ct. 173 (1989). Accordingly, we vacate the sentence imposed and remand for resentencing under the Sentencing Reform Act of 1984.
 
 V. Conclusion
 
 18
 The district court did not abuse its discretion in admitting the tape-recorded conversations.
 
 
 19
 The evidence for conviction was sufficient under the aiding and abetting theory.
 
 
 20
 The district court did not abuse its discretion in admitting evidence of Yant's ties to the existence of the methamphetamine laboratory in Placerville which was admissible to prove conspiracy.
 
 
 21
 Finally, because the district court did not apply the Guidelines, the matter is remanded for resentencing under the Guidelines.
 
 
 22
 CONVICTION AFFIRMED But REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See also id. at 901-79, p 901(b)(5) ("No one need to have overheard or participated in the conversation to authenticate it."); United States v. Cooke, 795 F.2d 527, 529 (6th Cir.1986) (agent identified defendant's voice on tape recordings of telephone conversations after hearing the defendant "speak in open court in Florida and Ohio"); United States v. Watson, 594 F.2d 1330, 1335 (10th Cir.) (noting "familiarity with another's voice may be acquired either before or after the particular speaking which is the subject of the identification") (emphasis added), cert. denied sub nom. Brown v. United States, 444 U.S. 840 (1979); United States v. Albergo, 539 F.2d 860, 864 (2d Cir.) (identification sufficient where "identifying officer had listened to appellant's voice in over 500 taped conversations"), cert. denied, 429 U.S. 1000 (1976)
 
 
 [2]
 Mistretta v. United States, 109 S.Ct. 647 (1989), where the Supreme Court held the Guidelines constitutional, was decided on January 18, 1989. At the time of sentencing, the prevailing law within the Ninth Circuit was that the Guidelines were unconstitutional. Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245, 1268 (9th Cir.1988), vacated sub nom. United States v. Chavez-Sanchez, 109 S.Ct. 859 (1989), on remand sub nom. Gubiensio-Ortiz v. Kanahele, 871 F.2d 104 (1989)