916 F.2d 714
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Irving SEALS, Defendant-Appellant.
 No. 90-1017.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Irving Seals (Seals), appeals from his conviction by jury on two narcotics-related counts brought under 21 U.S.C. Secs. 841, 843, and 846. Following trial, Seals was sentenced by the district court to serve 10 years in prison. Seals asserts three assignments of error on appeal.
 
 
 2
 On the scheduled trial date, Seals filed a motion with the district court to dismiss the indictment on the basis of a pre-indictment delay of twenty-three months.* In conjunction with this motion, Seals filed an affidavit in which he asserted that one Johnny Bankston, Jr. had died during the delay, and that the decedent witness would have testified to the effect that he (Bankston), and not Seals, was responsible for the targeted drug transaction. Seals argues that his right to due process was denied by the delay and the resulting death of this putative witness.
 
 
 3
 It is well-settled that in order to pursue a legitimate claim of pre-indictment delay in cases such as this where the indictment is filed within the applicable statute of limitations, the defendant must demonstrate that he "suffered actual and substantial prejudice as a result of the delay and that such delay was intentionally pursued by the government to gain a tactical advantage which offended fundamental conceptions of justice, fair play, and decency." United States v. Talbot, 825 F.2d 991, 998 n. 4 (6th Cir.1987) (citing, among other cases, United States v. MacDonald, 456 U.S. 1, 6-9 (1982); United States v. Atisha, 804 F.2d 920, 928 (6th Cir.1986), cert. denied, 479 U.S. 1067 (1987)).
 
 
 4
 Seals failed to demonstrate to the district court's satisfaction that he suffered actual prejudice as a result of the pre-indictment delay. Specifically, the court expressed strong doubts as to whether the putative witness, had he survived, would have, in the first instance, agreed to appear as a witness, let alone waived his fifth amendment right against self-incrimination and offered self-inculpatory testimony at Seals's trial. This court shares the district court's unwillingness to presume that the deceased witness would, in fact, have appeared as a witness and offered testimony beneficial to Seals at trial. Therefore, Seals has failed to demonstrate actual prejudice resulting from the twenty-three month delay. Moreover, even if Seals had adduced stronger support for his claim of actual prejudice, he failed entirely to sustain his burden of demonstrating that the delay "was instituted by the government merely to gain a tactical advantage over him." Atisha, 804 F.2d at 928. There is no evidence that the delay occurred for reasons other than the government's need to investigate more fully the conduct targeted in the indictment. See id.
 
 
 5
 Seals next charged that the district court erred in permitting Drug Enforcement Agency agent Johnny Thornton to identify Seals's voice in a recorded telephone conversation--to which Seals was an alleged party--that was played at trial. The " 'standard for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time.' " United States v. Cooke, 795 F.2d 527, 530 (6th Cir.1986) (quoting United States v. Rizzo, 492 F.2d 443, 448 (2d Cir.), cert. denied sub nom. DiLorenzo v. United States, 417 U.S. 944, 94 S.Ct. 3069 (1979)). Because it was demonstrated at trial that Thornton had heard Seals's voice on more than one occasion, this assignment of error is without merit.
 
 
 6
 Finally, Seals contended that he was denied the effective assistance of his trial counsel in violation of his rights under the sixth amendment. Seals had not asserted this claim before the district court, and this court "will not review an ineffective assistance of counsel claim raised for the first time on appeal." United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989). If appropriate, Seals my pursue this claim by way of a petition for collateral review pursuant to 28 U.S.C. Sec. 2255.
 
 
 7
 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The indictment was handed up in June, 1989, alleging conduct occurring in May, 1987