956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Ulysses Simpson BRANCH, Defendant-Appellant.
 No. 91-1164.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1992.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Ulysses Simpson Branch, a.k.a. "Mick" (Branch), appealed the district court judgment convicting him of one count of a felon in possession of a firearm, 18 U.S.C. § 922(g), and one count of possession of an unregistered firearm, 26 U.S.C. § 5861(d). On appeal, Branch charged that the evidence presented at trial was insufficient to support his conviction. He further asserted that statements made during a telephone conversation between Agent Joseph Secrete (Secrete) and a self-identified individual named "Mick," identified by Secrete at trial as the appellant, constituted hearsay because Secrete was without adequate basis to recognize the appellant's voice and such conversation was, accordingly, inadmissible into evidence.
 
 
 2
 On September 18, 1990, Branch and co-defendant, John Richardson, were charged with felons in possession of a firearm and possession of an unregistered firearm. During Branch's jury trial, the government presented two witnesses from the Bureau of Alcohol, Tobacco and Firearms: Agent Joseph Secrete (Secrete), the undercover agent to whom appellant sold the firearm, and Agent Emmett Baylor (Baylor) who observed the transaction from a distance.
 
 
 3
 In his first assignment of error, appellant charged that the evidence was insufficient to support his conviction for possession of a firearm. This first assignment of error is without merit. A jury conviction must be sustained if there is substantial evidence on the record to support it. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). If there is sufficient competent evidence of record to justify a rational juror's conclusion that every element of the offense has been proved beyond a reasonable doubt, the conviction must be affirmed. Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 2792-93 (1979).
 
 
 4
 Evidence that appellant had actual or constructive possession of the firearm is sufficient to sustain the verdict. United States v. Hayes, 884 F.2d 1393 (6th Cir.1989); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). In the case at bar, the government clearly proved with the testimony of Secrete and Baylor that the appellant had actual possession of the firearm. Any factual discrepancy in testimony constituted credibility evaluations that had been resolved by the jury. It is not the role of the appellate court to reconsider the credibility of the witnesses or retry the case by balancing the evidence. United States v. Conti, 339 F.2d 10 (6th Cir.1964).
 
 
 5
 Appellant's second assignment of error is equally without merit. He argued that the trial court abused its discretion by admitting into evidence hearsay testimony concerning statements made during a telephone conversation between Secrete and an individual who identified himself as "Mick". He argued that Secrete was not qualified to testify that the phone conversant, "Mick", was the appellant. In considering this assignment of error, this court is mindful of the district court's broad discretion in determining the relevancy and admissibility of evidence, and its rulings on evidentiary matters will be reversed only upon a clear showing that it abused its discretion. Apponi v. Sunshine Biscuits, Inc., 809 F.2d 1210, 1218 (6th Cir.), cert. denied, 489 U.S. 820, 108 S.Ct. 77 (1987). Furthermore, the "standard for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time." United States v. Cooke, 795 F.2d 527, 530 (6th Cir.1986) (emphasis added) (citing United States v. Rizzo, 492 F.2d 443, 448 (2d Cir.1974), cert. denied sub nom. Dilorenzo v. United States, 417 U.S. 944, 94 S.Ct. 3069 (1979)). Any question regarding the minimal contact or exposure to a voice goes to the weight, not the admissibility of the evidence. Rizzo, 492 F.2d at 448. In the instant case, Agent Secrete spoke with appellant on three separate occasions. He, therefore, had more than an adequate basis for identifying appellant's voice. Consequently, Secrete's testimony concerning statements made during a telephone conversation between himself and the appellant did not constitute hearsay and was admissible.
 
 
 6
 Accordingly, upon the record in its entirety, the briefs and arguments of counsel, the appellant's conviction is hereby AFFIRMED.