70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Jorge Manuel JIMENEZ-MERCADO Defendant-Appellant.
 No. 94-30281.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1995.
Decided Nov. 6, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Jimenez-Mercado appeals his jury conviction and sentence on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and fourteen counts of money laundering under 18 U.S.C. Sec. 1956(a)(1)(A)(i). He contends that the district court (1) erred in admitting drug evidence seized during a search of his home and (2) incorrectly calculated the amount of cocaine attributable to him for sentencing purposes. We affirm in part and reverse in part.
 
 I.
 
 3
 Jimenez-Mercado challenges the district court's decision to admit into evidence a photograph of and testimony concerning one pound of cocaine discovered during an April, 1992 search of his home. Jimenez-Mercado argues that this evidence, which formed the basis of state charges of cocaine possession, was introduced only to prove his criminal disposition. This argument is premised on the assumption that the cocaine necessarily constituted "other crimes" evidence within the meaning of Fed.R.Evid. 404(b) because it was the principal evidence used in obtaining his state conviction. Jimenez-Mercado posits that the district court's admission of the cocaine was an abuse of discretion because the government supplied no evidence linking it to the conspiracy charged in the federal indictment. The government counters that the cocaine was not Rule 404(b) evidence, and that even if it was, it was properly admitted. We agree.
 
 
 4
 The district court determined that the pound of cocaine was direct evidence of Jimenez-Mercado's involvement in the cocaine distribution scheme. Our prior cases support this conclusion. In United States v. Lai, 944 F.2d 1434 (9th Cir.1991), cert. denied, 502 U.S. 1062 (1992), a convicted member of a drug conspiracy argued that the district court improperly admitted evidence of his involvement in drug transactions which took place in late 1982 and late 1985 because these transactions did not occur during the course of the conspiracy. The indictment charged the defendant with being part of a conspiracy "[b]eginning at a time unknown to the Grand Jury and continuing to in or about October, 1985," with overt acts occurring in July, 1983. Id. at 1439. Citing Rule 404(b), the defendant claimed that the drug transactions were "other acts" unrelated to the charged conspiracy. Id. We disagreed, concluding that the transactions were direct evidence of the conspiracy because they could "properly be considered to have occurred within the time frame of the conspiracy charged in the indictment." Id.
 
 
 5
 Similarly, in United States v. Sitton, 968 F.2d 947 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993), the district court admitted into evidence, over the defendant's Rule 404(b) objection, drugs and weapons discovered during a January, 1990 search that was unrelated to the conspiracy charged in the federal indictment. The indictment alleged that the conspiracy began on an unknown date, and that overt acts were committed from December, 1989 until June, 1990. The government presented evidence that the defendant was involved in the conspiracy as early as February, 1990, although all of his overt acts were committed in June, 1990. As in Lai, because the January, 1990 search fell within the time frame of the conspiracy charged in the indictment, we held that the drugs and weapons constituted direct evidence that the defendant was involved with the conspiracy during the relevant period. See also United States v. Rohrer, 708 F.2d 429, 435 (9th Cir.1983) (possession of drug related items in November, 1981 admissible as direct evidence of conspiracy alleged to extend until "at least" 1980); United States v. Uriarte, 575 F.2d 215, 216-17 (9th Cir.) (1972 arrest was admissible as direct evidence of conspiracy where indictment set no starting date for conspiracy and the bulk of the evidence described activities in late 1975 and early 1976), cert. denied, 439 U.S. 963 (1978). Here, the indictment specified that the conspiracy began in May 1991 and continued until January 1993. Because Jimenez-Mercado's possession of cocaine in April of 1992 fell well within the time frame specified in the indictment, it was direct evidence of his involvement in the conspiracy. Jimenez-Mercado also contends that the district court abused its discretion by admitting the cocaine because the prejudicial effect of the evidence substantially outweighed its probative value. Fed.R.Evid. 403. We disagree. "Since the evidence was directly relevant to the charges in the indictment, any prejudice to [the defendant] was not 'unfair.' " Sitton, 968 F.2d at 958.
 
 II.
 
 6
 Jimenez-Mercado next argues that the district court erred in holding him responsible for (1) 25 kilograms of cocaine which, according to witness Jose Dario Echavarria, were the subject of negotiations between Jimenez-Mercado and an FBI Cooperating Individual and (2) 300 kilograms of cocaine delivered to coconspirator Velez-Montoya in June, 1992.
 
 
 7
 The Sentencing Guidelines provide for a mandatory minimum base offense level of 38 for conspiring to traffic in at least 150 kilograms, but less than 500 kilograms of cocaine. U.S.S.G. Sec. 2D1.1(a)(3), 2D1.1(c) (Drug Quantity Table). The district court found that Jimenez-Mercado was responsible for 336 kilograms of cocaine and, based on a criminal history category of I, imposed a 245 month sentence. In Jimenez-Mercado's view, the court should have attributed to him no more than 5 to 15 kilograms of cocaine, resulting in a base offense level of 32.
 
 A.
 
 8
 The district court found credible Jose Dario Echavarria's claim that a 25 kilogram sale of cocaine was under negotiation between the defendant and an FBI Cooperating Individual ("CI"). Jimenez-Mercado argues that the court erred in attributing the 25 kilograms to him for sentencing purposes because Echavarria (1) did not appear at trial, (2) gave no sworn statements and (3) was not available for cross-examination. We conclude that the district court's credibility determination was not clearly erroneous. Thus, inclusion of the 25 kilograms of cocaine in calculating Jimenez-Mercado's sentence was proper. See United States v. Taran-Palma, 997 F.2d 525, 532 (9th Cir.1993), cert. denied, 114 S.Ct. 164 (1994) (district court may consider weight of drugs under negotiation for sentencing purposes).
 
 B.
 
 9
 Jimenez-Mercado next claims that the district court clearly erred in attributing to him 300 kilograms of cocaine seized from Velez-Montoya in June, 1992 because, by March, 1992, he had withdrawn from the conspiracy due to the deterioration of his business relationship with Velez-Montoya. We reject this argument. Contrary to Jimenez-Mercado's contention, the record amply supports the district court's determination that he was still a member of the conspiracy at the time Velez-Montoya obtained the 300 kilograms.
 
 
 10
 Jimenez-Mercado argues further that because he was routinely involved with much smaller amounts of cocaine, a 300 kilograms quantity should not have been attributed to him. The district court included the entire 300 kilograms in the calculation of defendant's sentence because he was still a member of the conspiracy in June, 1992 and thus could reasonably foresee that Velez-Montoya would be acquiring and disposing of amounts as large as 300 kilograms of cocaine. We conclude that Jimenez-Mercado's argument has merit.
 
 
 11
 Under United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993), a coconspirator can be sentenced "only on the basis of drugs that he actually agreed to distribute." In other words, the district court must determine "(1) the quantity of drugs distributed that were reasonably foreseeable by [Jimenez-Mercado] and (2) the quantity of drugs distributed that were within the scope of the particular agreement that [Jimenez-Mercado] entered." Id. See also U.S.S.G. 1B1.3, comment. (n. 2) (1993) ("With respect to offenses involving contraband (including controlled substances), the defendant [in the case of a jointly undertaken criminal activity] is accountable for ... all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.") Here, of the 300 kilograms of cocaine, only four kilograms went to Alaska. Under these circumstances, there is no persuasive basis upon which to infer that Jimenez-Mercado agreed to distribute the remaining 296 kilograms. Appellant must therefore be resentenced without attribution to him of the 296 kilograms of cocaine obtained by Velez-Montoya, but not within the scope of appellant's own distribution agreement.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3