**Eugenio J. COSTO,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 89–3646.**

United States Court of Appeals,
Sixth Circuit.

Submitted April 2, 1990.

Decided May 24, 1990.

Eugenio J. Costo, El Reno, Okl., pro se.

Kathleen Brinkman, Asst. U.S. Atty., Office of the U.S. Atty., Cincinnati, Ohio, for respondent-appellee.

---

Before KENNEDY and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*

NATHANIEL R. JONES, Circuit Judge.

Petitioner-appellant Eugenio J. Costo appeals the district court's denial of his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (1982). Because we conclude that Costo's sentence violates the double jeopardy clause of the Fifth Amendment to the United States Constitution, we reverse and remand for resentencing.

## I.

Eugenio J. Costo, along with co-conspirators, was the subject of a Federal Bureau of Investigation (FBI) probe. On January 11, 1987, Costo and co-conspirator Osvaldo T. Gonzales travelled to Cincinnati, Ohio for the purpose of selling cocaine. On January 12, 1987, Costo and Gonzales met with a confidential informant for the FBI, Peggy Hazenfield. Hazenfield posed as an intermediary who was to transport cocaine and the payments for it between Costo and Gonzales and a group of buyers. Hazenfield agreed to take a one kilogram sample of cocaine to her buyers. After the buyers inspected and approved the sample, Hazenfield was to secure payment from the buyers for the one kilogram sample as well as for three additional kilograms of cocaine. She then was to pick up and deliver the remainder of the cocaine to the buyers.

After receiving the one kilogram sample, Hazenfield turned it over to FBI and Drug Enforcement Agency (DEA) agents. The substance field tested positive for cocaine. FBI and DEA agents then went to the hotel where Costo and Gonzales were staying and arrested them. The government agents located the remaining three kilograms of cocaine being held by another co-conspirator from information provided by Hazenfield and documents obtained from a search of Costo's person.

Costo and three co-conspirators were indicted by a grand jury of the Southern District of Ohio on January 15, 1987. Two counts of the indictment are at issue on appeal. Count two of the indictment charges that:

On or about January 12, 1987, in the Southern District of Ohio, RICHARD E. BRITTINGHAM, EUGENIO J. COSTO, OSVALDO T. GONZALEZ, and MIGUEL VALDES did knowingly, intentionally, and unlawfully distribute approximately one kilogram of cocaine, a Schedule II narcotic drug controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

J. App. at 6. Count three of the indictment charges that:

On or about January 12, 1987, in the Southern District of Ohio, RICHARD E. BRITTINGHAM, EUGENIO J. COSTO, OSVALDO T. GONZALEZ, and MIGUEL VALDES did knowingly, intentionally, and unlawfully attempt to distribute approximately three kilograms of cocaine, a Schedule II narcotic drug controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.

*Id.* at 7.

Costo pled guilty to counts two and three in exchange for dismissal of the remaining counts. On May 27, 1987, the district court sentenced Costo to ten years on count two of the indictment and five years on count three. The sentences were ordered to run consecutively. Costo subsequently filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that the imposition of consecutive sentences on counts two and three violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. In an order dated June 29, 1989, the district court rejected Costo's double jeopardy contention, holding that "[d]istribution of one kilogram of cocaine and attempted distribution of three kilograms of cocaine are two separate and discrete transactions for purposes of sentencing." As such, the district court concluded that it properly imposed

* Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

two different sentences for two discrete drug transactions. J. App. 63–64.

## II.

■ The constitutionality of a sentence is a question of law subject to *de novo* review. *United States v. Fernandez–Angulo,* 863 F.2d 1449, 1451 (9th Cir.1988), *vacated in part by rehearing en banc,* 897 F.2d 1514 (9th Cir.1990).

The double jeopardy clause of the Fifth Amendment to the United States Constitution[1] protects against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). Costo contends that the government has violated his Fifth Amendment rights because although he committed one offense, he was twice punished for it by the imposition of consecutive sentences for count two, distribution of cocaine, and its lesser included offense, count three, attempted distribution of cocaine. Costo argues that the indictment is multiplicitous insofar as counts two and three distinguish between the one kilogram sample of cocaine that was actually distributed and the remaining three that were to be distributed upon approval of the sample: "[I]f 'the attempt is an offense' ... then the attempted distribution of four kilograms of cocaine necessarily merges as a lesser included offense in the completed act of the distribution of one of those same kilograms as a sample." Brief for Defendant–Appellant at 15 (citations omitted). Thus, Costo argues that the district court

unconstitutionally imposed consecutive sanctions for counts two and three because both the one kilogram sample and the three kilograms awaiting distribution were all part of the same transaction, and because the charge of attempt merges with the completed act.

The government argues that there is no violation of the double jeopardy clause because the distribution of the one kilogram sample and the attempted distribution of the remaining three kilograms constituted two discreet criminal acts for which separate punishment may be imposed. Since double jeopardy clause analysis asks whether *"the same act or transaction* constitutes a violation of two distinct statutory provisions,"* see Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (emphasis added), a finding that there were two distinct acts necessarily precludes a violation of the double jeopardy clause. However, even assuming that there was a single criminal act, the government argues that under *Blockburger* there is no violation of the double jeopardy clause because the same criminal act may violate more than one statute and: (1) the charge of distribution contains an element which the charge of attempt to distribute does not, thereby making the charges distinct for sentencing purposes;[2] and (2) the Sixth Circuit has held that violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 are separate offenses for sentencing purposes.[3]

*Blockburger* provides the oft-stated test for determining whether consecutive sentences may be imposed for a single criminal

---

1. The Amendment, in relevant part, provides that "[n]o person shall be ... twice put in jeopardy of life or limb...."

2. The government and the district court have misstated the *Blockburger* test. Under *Blockburger, each* statute must contain an element which the other does not. The district court misstated the test as "[i]f *one* offense requires proof of a fact that the other does not, consecutive sentences may be imposed." J. App. at 63 (emphasis added). However, under *Blockburger,* if only one charge contains an element which the other does not, there is a violation of the double jeopardy clause.

3. 21 U.S.C. § 841(a)(1) provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....
   21 U.S.C. § 846 provides:
   Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

act which violates multiple statutory provisions:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182. Because the *Blockburger* test is a rule of statutory construction, we first ask whether Congress intended separate offenses. We then determine whether the double jeopardy clause is offended—i.e., whether each offense requires proof of facts which the other does not. *United States v. Miller*, 870 F.2d 1067, 1071 (6th Cir.1989).

■ This court must first determine whether Costo's distribution of the one kilogram cocaine sample is the same act or transaction as his attempt to distribute the remaining three kilograms. The *Blockburger* Court was presented with a similar issue. There the defendant maintained that his two illicit drug sales constituted only one offense because they were made to the same person and the time interval between the first sale and the second was only one day. The Court rejected this contention because it was clear that the second sale "was not the result of the original impulse [the first sale], but of a fresh one—that is to say, of a new bargain." 284 U.S. at 303, 52 S.Ct. at 181. The Court arrived at this conclusion in light of the fact that the purchaser paid for the drugs separately, the drugs were separately delivered, and there was no other evidence that the two sales were part of the same bargain. *Id.* at 301 & 303, 52 S.Ct. at 181 & 182. The test employed by the Supreme Court for determining whether there was one criminal act or more was whether the sales were part of the same bargain or transaction.

The Ninth Circuit stated a similar formulation in *United States v. Palafox*, 764 F.2d 558 (9th Cir.1985) (en banc), a case whose facts closely resemble the case at bar. In *Palafox*, the defendant was convicted of possession with intent to distribute a controlled substance and actual distribution of a controlled substance under 21 U.S.C. § 841(a)(1). Palafox met an undercover agent in a parking lot in order to sell him heroin. At the agent's request, Palafox permitted the agent to take a small sample of heroin from a package. Palafox was immediately arrested and charged with distribution of the .12 gram sample and possession with intent to distribute the remaining 124.58 grams. Palafox received consecutive sentences of five years on each count. The defendant argued to the Ninth Circuit that because the distribution of the sample and possession of the remainder were a part of a single transaction, he could only be punished for one count. The Ninth Circuit agreed, holding that "where the defendant distributes a sample and retains the remainder for the purpose of making an immediate distribution to the same recipient at the same place and at the same time, verdicts of guilty may be returned on both counts but the defendant may be punished on only one." *Id.* at 560. *See also United States v. Andersson*, 813 F.2d 1450, 1460 (9th Cir.1987) (following *Palafox*).

Costo's conviction and sentence for distribution of the sample under section 841(a)(1) and for attempted distribution of the remaining three kilograms of cocaine under section 846 are analogous to the consecutive punishments imposed on Palafox. There is no dispute in the instant case that only one bargain or transaction was contemplated. Furthermore, the remaining kilograms of cocaine were to be distributed to the same purchasers who bought the sample immediately upon their approval of the sample. Under *Blockburger*'s continuing impulse/single bargain test as well as under *Palafox*'s holding, Costo's activity with the sample and the remaining three kilograms was but one transaction. This conclusion is consistent with this court's holding in *United States v. Stevens*, 521 F.2d 334, 336–37 (6th Cir.1975). In *Stevens*, this court, construing 21 U.S.C. 841(a)(1), held that possession must be shown to exist separately from distribution of a controlled substance in order to punish a defendant for both the charge of distribu-

tion and the charge of possession with intent to distribute. As such, where a defendant possesses a controlled substance for the purpose of distributing it, there is only one offense under section 841(a)(1). Costo's possession of the three kilograms of cocaine did not exist separately from the distribution of the sample because that distribution had as its purpose the sell of the remaining three kilograms.

When Costo's offense is viewed as a single transaction containing "multiple criminal steps leading to the same criminal undertaking," *Palafox*, 764 F.2d at 563, it is clear that the imposition of consecutive sentences for distribution and attempted distribution of cocaine violates the double jeopardy clause. The government cites *United States v. Cooke*, 795 F.2d 527, 530 (6th Cir.1986), for the proposition that Congress intended violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 to constitute separate offenses for the same criminal activity. In *Cooke*, the defendant was convicted of conspiracy to possess marijuana with intent to distribute (in violation of 21 U.S.C. § 846) and aiding and abetting the possession of marijuana with intent to distribute (in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2). This court held that because the proofs required for conviction of the substantive offense and the conspiracy were not identical, Cooke's conviction on both charges did not violate the double jeopardy clause. Based on *Cooke*, the government would have this court hold that Congress intended both the completed act of distribution under section 841(a)(1) and attempted distribution under section 846 to be separately punishable. However, we are not here confronted with a conspiracy charge. "It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to conviction for both." *Pereira v. United States*, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1953). The same is not true of attempt. Actual distribution under section 841(a)(1) and attempted distribution under section 846 do not each require proof of an additional element which the other does not. Attempted dis-

tribution requires: (1) an intent to engage in criminal conduct and (2) an overt act constituting a substantial motion towards commission of the substantive offense. *United States v. Williams*, 704 F.2d 315, 321 (6th Cir.), *cert. denied*, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983). An act of completed distribution necessarily subsumes all the elements of an attempted distribution. "As is invariably true of a greater and lesser included offense, the lesser offense ... requires no proof beyond that which is required for conviction of the greater...." *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977). Therefore, because attempted distribution does not involve proof of a fact which actual distribution does not, the imposition of consecutive sentences for both distribution and attempted distribution violates the double jeopardy clause. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

We note that although this case antedates the effective date for application of the United States Sentencing Guidelines, the Guidelines reach a similar result. The Commentary to section 2D1.1 of the Guidelines provides that "[w]here there are multiple [drug] transactions or multiple drug types, the quantities of drugs are to be added." *United States Sentencing Commission Guidelines Manual*, § 2D1.1 at 2.40. Reference must then be made to the Guidelines' "Drug Quantity Table" for the purpose of obtaining a *single* base offense level. Thus, like the court's holding today, the Guidelines contemplate only a single sentence under the circumstances of the instant case.

### III.

We REVERSE and REMAND this case for re-sentencing. The district court is ordered to impose a single sentence for counts two and three. To avoid potential problems with possible collateral attacks on the new sentence, the district court should stay execution of sentence on one count pending any appeal of the new sentence. The stay shall become permanent upon the

defendant's completion of the sentence not stayed. *Cf. Palafox*, 764 F.2d at 563–64.