**UNITED STATES of America, Plaintiff,**

**v.**

**LOUISVILLE EDIBLE OIL PRODUCTS, INC., et al., Defendants.**

**No. Cr 90–00048–L(B).**

United States District Court, W.D. Kentucky, at Louisville.

Aug. 3, 1990.

**16**

Paul S. Rosenzweig, U.S. Dept. of Justice, Environmental Crimes Section, Washington, D.C., and Richard Dennis, Asst. U.S. Atty., Louisville, Ky., for plaintiff.

Frank E. Haddad, Jr., Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

BALLANTINE, Chief Judge.

This matter is before the Court on the motion of the defendants to dismiss Counts 1 through 7 of the superseding indictment. Defendants argue that the indictment violates the Double Jeopardy Clause of the Fifth Amendment.

### BACKGROUND

The superseding indictment charges defendants with 9 counts of violating the Clean Air Act, Title 42 U.S.C. § 7401 *et seq.*, and the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), also known as the "Superfund."

Named as defendants are Louisville Edible Oil Products (LEOP), Presidential, Inc., Frank Reed Metts, A. Dean Huff, and Raymond Carl Marrillia, Jr. LEOP is a Kentucky corporation engaged in the business of producing, as its name implies, edible oil products such as salad oil. Presidential is an Indiana corporation which functions as the construction and demolition arm of LEOP. Metts is Chief Executive Officer and controlling stockholder of LEOP. Huff is a director and President of Presidential and Special Products Manager of LEOP. Marrillia is a director and Secretary Treasurer of Presidential and Vice President for Facilities Management of LEOP.

Count 1 charges that LEOP owned two facilities in Louisville. One of the facilities is at 2500 South Seventh Street (the Seventh Street Facility) and one is at 1303 South Shelby Street (the Shelby Street Facility). It is further alleged that the Shelby Street Facility was sold in March, 1989, to Market Street Financial Company, Inc., of which defendant Metts is President.

Count 1 charges further that in September and October, 1986, LEOP, Presidential, Metts and Huff knowingly emitted from the Seventh Street Facility friable asbestos, an air pollutant, and demolished or renovated a stationary source in violation of the Clean Air Act.

Count 2 charges the same defendants with violation of CERCLA in September and October, 1986, at the Seventh Street Facility.

Count 3 charges all defendants with violation of the Clean Air Act in August, 1988, at the Seventh Street Facility.

Count 4 charges all defendants with violation of CERCLA in August, 1988, at the Seventh Street Facility.

Count 5 charges all defendants with a violation of the Clean Air Act in April, 1988, at the Shelby Street Facility.

Count 6 charges all defendants with violation of the Clean Air Act in September, 1988, at the Shelby Street Facility.

Count 7 charges all defendants with violation of CERCLA in September, 1988, at the Shelby Street Facility.

Defendants state that the two facilities are older facilities constructed before the hazardous nature of asbestos fibers became generally known. Defendants concede that each facility contained equipment insulated with asbestos. They further concede for the purposes of this motion that, during renovation of the facilities some asbestos was "possibly" permitted to escape by the firm LEOP had retained to remove the asbestos.

Defendants next argue that they were cited on at least three occasions by the Jefferson County Air Pollution Control District (JCAPCD). They assert that, as a result of the events charged in Counts 1

and 2, JCAPCD assessed a fine of $25,000, which was paid by LEOP. As a result of the events charged in Count 5, LEOP was fined $24,000, which it paid. As a result of the events charged in Count 3, 4, 6 and 7, a fine of $125,000 was assessed and was paid by LEOP in two installments.

Defendants argue that the fines are punitive in nature by virtue of their magnitude and that further prosecution under this indictment is barred by the Double Jeopardy Clause of the Fifth Amendment.

## DISCUSSION

In *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Court addressed the Double Jeopardy Clause in a case in which a civil sanction was imposed in addition to criminal punishment.

In *Halper* defendant was charged with submitting 65 false claims for reimbursement under Medicare. The total loss to the government was $585.00. Halper was named in an indictment charging him with 65 counts of violating the criminal False Claims Statute, Title 18 U.S.C. § 287. He was found guilty on all those counts and on an additional 16 counts of mail fraud. He was sentenced to two years in prison and fined $5,000.

The government then brought an action under the civil False Claims Statute, Title 31 U.S.C. §§ 3729–3731. The remedial portion of the statute provided for a civil penalty of $2,000 per violation, double the damages sustained by the government, and the costs of the action.

The district court held that the imposition of civil penalties of over $130,000 against Halper would constitute double jeopardy.

On direct appeal to the Supreme Court—taken prior to the repeal of Title 28 U.S.C. § 1252—the government argued that the Double Jeopardy Clause did not bar assessment of a civil penalty. In rejecting that argument, the Court held that although, as a general proposition, civil penalties do not rise to the level of punishment, "the possibility that in a particular case a civil penal-

ty authorized by the Act may be so extreme and so divorced from the Government's damages and expenses as to constitute punishment." 490 U.S. at 442, 109 S.Ct. at 1898.

The *Halper* Court then refined the question before it: "whether and under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause." 490 U.S. at 446, 109 S.Ct. at 1901. The Court rejected the notion that consideration of statutory language structure and intent was appropriate in deciding the applicability of double jeopardy safeguards:

> "[W]hile recourse to statutory language, structure, and intent is appropriate in identifying the inherent nature of a proceeding, or in determining the constitutional safeguards that must accompany those proceedings as a general matter, the approach is not will suited to the context of the 'humane interests' safeguarded by the Double Jeopardy Clause's proscription of multiple punishments. (Citation omitted). This constitutional protection is intrinsically personal. Its violation can be identified only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state."

490 U.S. at 447, 109 S.Ct. at 1901. The Court held that: "Under the Double Jeopardy Clause, a defendant who already has been punished with criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be categorized as remedial but only as a deterrent or retribution." 490 U.S. at 449, 109 S.Ct. at 1902.

Whether the civil sanction is or is not punishment involves an element of rough justice.

The Court also limited its holding to the rare case where a prolific but small-guage offender is subjected to a sanction overwhelmingly disproportionate to the damages he has caused.

The threshold question which troubles the Court concerns the applicability, for double jeopardy purposes, of the fines paid only by LEOP.

The second question of concern is whether the several sanctions imposed by JCAPCD triggered double jeopardy defenses against the United States.

The third question is whether the indictment charging violation of the Clean Air Act and CERCLA amounts to multiple prosecutions for the same offense.

Turning to our first question, we find guidance from *Halper* in the holding quoted above that the protection of the Double Jeopardy Clause is "intrinsically personal."

■ Defendants advance the novel argument that since LEOP is a Subchapter S corporation, Title 26 U.S.C. § 1361 et seq., and defendant Metts is the holder of 36% of the stock in LEOP, the corporate shield argument of the government is to no avail.

Defendants further argue that since defendants Huff and Marrillia are compensated on a percentage-of-profits basis, a fine against LEOP translates into a fine against them.

Not surprisingly, there is a dearth of authority addressing the precise point.

We reject defendant's Subchapter S argument. Subchapter S is a taxing statute under which the shareholders are effectually treated as partners for the purposes of calculating their individual tax liability. Included in the determination of tax liability are the shareholders' pro rata share of the corporation's items of income, loss, deduction or credit. Title 26 U.S.C. § 1366(a)(1)(A). The statute's purpose is to eliminate any tax liability of small closely-held corporations by passing the corporate income directly to the shareholders.

The Court finds that the intrinsically personal nature of the constitutional protection against double jeopardy to which the *Halper* court referred does not extend to the defendants Presidential, Metts, Huff and Marrillia.

Except for applauding the ingenuity of counsel, we reject his first argument.

■ We next address the question whether the penalties assessed by JCAPCD bar prosecution of defendant LEOP by the United States.[1]

We return briefly to *Halper* to note that both the criminal prosecution and the civil actions against *Halper* were commenced by the United States. That situation does not exist here. The administrative proceedings resulting in LEOP's paying the fines were commenced by Jefferson County, and the criminal prosecution before this Court was commenced by the United States.

In *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), the Court addressed the question:

> "[W]hether the dual sovereignty doctrine permits successive prosecutions under the laws of different States which otherwise would be held to 'subject [the defendant] for the same offence to be twice put in jeopardy.' U.S. Const., Amdt. 5. Although we have not previously so held, we believe the answer to this query is inescapable. The dual sovereignty doctrine, as originally articulated and consistently applied by this Court, compels the conclusion that successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause."

474 U.S. at 88, 106 S.Ct. at 437.

The Court went on to hold "that the States are separate sovereigns with respect to the Federal Government because each state's power to prosecute is derived from its own 'inherent sovereignty,' not from the federal government." (Citing *United States v. Wheeler*, 435 U.S. 313, 320, n. 14, 98 S.Ct. 1079, 1084, n. 14, 55 L.Ed.2d 303 (1978)).

Further support of the proposition that the dual sovereignty doctrine does not bar dual prosecutions under the Double Jeopardy Clause may be found in *United States v. A Parcel of Land, Etc.*, 884 F.2d 41 (1st Cir.1989):

> "The doctrine of Double Jeopardy does not apply to suits brought by separate

1. Since the Court has concluded that the fines against LEOP do not cloak the other defendants with double jeopardy immunity, our discussion will be limited to LEOP's double jeopardy argument.

sovereigns, even if both are criminal suits for the same offense. The appellants were convicted for possession of marijuana with intent to distribute and for the cultivation of marijuana in the Superior Court of the Commonwealth of Massachusetts, a sovereignty separate from the federal government. Therefore, even if the federal government had brought a *criminal* case against the appellants on the basis of the same acts, such a case would not be barred by Double Jeopardy."

884 F.2d at 43.

It cannot be seriously argued that JCAPCD and the U.S. Environmental Protection Agency are not separate entities. KRS Chapter 77 provides for the establishment of an air pollution control district in each county, KRS 77.010, and that the district has the authority to "make and enforce all needful orders, rules and regulations necessary or proper to accomplish the purposes of this chapter for the administration of such district...." KRS 77.180(1).[2]

The Court concludes that the teaching of *Heath* mandates the conclusion that the dual sovereignty doctrine defeats any double jeopardy defense raised by LEOP.

■ Finally, we address defendants' argument that Counts 2, 4 and 7 charging CERCLA violations are based on the same conduct charged in Counts 1, 3 and 6 charging Clean Air Act violations and therefore amount to multiple prosecutions for the same offenses in contravention of the Double Jeopardy Clause.

In support of their argument, defendants rely on two recent cases, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *Costo v. United States*, 904 F.2d 344 (6th Cir.1990). This reliance is misplaced.

*Grady* involved an automobile accident in which defendant crossed the center line of a highway and struck two cars. The accident was investigated by an Assistant District Attorney who went to the scene. Later that evening, he learned that the driver of one of the cars defendant had struck had

died. Thereafter, defendant was charged in two traffic citations with driving under the influence and driving on the wrong side of the road. Apparently, the bureaucracy in the District Attorney's Office strangled on its own red tape and when the citations came before a local court, the court was not told of the death of the driver of the car defendant had struck.

Defendant entered guilty pleas to the two citations and, owing to a further mixup in the District Attorney's Office, the prosecutor at defendant's sentencing was either unaware of the fatality or she was unaware that a homicide prosecution was being instituted. She recommended a "minimum sentence," which the Curt imposed. Thereafter, defendant was indicted on several charges, including reckless manslaughter, second degree vehicular manslaughter, and criminally negligent manslaughter.

In holding that the Fifth Amendment barred prosecution under the indictment, the Court wrote:

"[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. *The critical inquiry is what conduct the State will prove*, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). On the other hand, a State cannot avoid the dictates of the Double Jeopardy Clause merely by altering in successive prosecutions the evidence offered to prove the same conduct." (Emphasis added.)

495 U.S. at ——, 110 S.Ct. at 2093.

The Court then urged caution and attention on the part of prosecutors to avoid the

---

**2.** The establishment of state agencies to adopt and enforce standards respecting emissions of air pollutants and controlling air pollution is authorized by Title 42 U.S.C. § 7416.

pitfalls which led to the release of the defendant:

"With adequate preparation and foresight, the State could have prosecuted Corbin for the offenses charged in the traffic tickets and the subsequent indictment in a single proceeding, thereby avoiding this double jeopardy question.... we are confident that with proper planning and attention prosecutors will be able to meet this standard and bring to justice those who make our Nation's roads unsafe."

— U.S. at ——, 110 S.Ct. at 2095.

We read *Grady* as barring successive prosecutions, not separate prosecutions for separate offenses. The case before this Court does not involve successive prosecutions.

The Court likewise finds little comfort for defendants in *Costo*. In that case, the Court reversed consecutive sentences imposed for the distribution of cocaine and attempted distribution of cocaine arising out of the delivery of cocaine to an informant and the attempt to distribute more cocaine to the same informant at the same time and the same place.

The Court relied on the now well-settled rule announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

284 U.S. at 304, 52 S.Ct. at 182.

The *Costo* Court then cited with approval the holding in *United States v. Palafox*, 764 F.2d 558 (9th Cir.1985) (*en banc*), in which the Court held that when separate offenses were charged in a single transaction, verdicts of guilty may be returned on all counts but defendant may be punished on only one.

Further militating against defendant's argument is the applicability of the *Blockburger* test.

A conviction under the Clean Air Act requires the government to prove either that defendants emitted asbestos into the atmosphere or that they violated the work practice standards adopted by EPA, Title 42 U.S.C. § 7412(e). See 40 C.F.R. § 61.140 *et seq*.

To obtain a conviction under CERCLA requires the government to prove that defendants were in charge of the facility from which a hazardous substance was released and that they failed to notify immediately the appropriate agency as soon as they had knowledge of the release. Title 42 U.S.C. § 9603.[3]

It is apparent that each offense charged requires proof of an element which the other offense does not.

The Court rejects defendants' third argument.

## CONCLUSION

The motion to dismiss Counts 1 through 7 of the superseding indictment will be denied. Because denial of a motion to dismiss on grounds of double jeopardy is immediately appealable, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), see also *United States v. Sinito*, 723 F.2d 1250 (6th Cir.1983), *cert. denied*, 469 U.S. 817, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984), the Court will defer assigning this matter for further proceedings until the time for appeal has expired or until receipt of the mandate on appeal, whichever first occurs.

IT IS SO ORDERED.

---

**3.** Whether a conviction under Count 2 is punishable as a misdemeanor or as a felony is a question we leave for another day.