968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jerome Michael BECKER, Sandy Lee Robinson, a/k/a Anthony
Dwayne Barnes, Defendants/Appellants.
 Nos. 91-1955, 91-1958 and 91-1957.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The three defendants appeal their convictions and sentences for charges relating to the possession and distribution of cocaine base and possession and use of a firearm. On appeal, they argue that their indictment contained duplicitous and multiplicitous counts. The parties waived oral argument and the consolidated appeals were submitted on briefs and the district court record. For the following reasons, we affirm the convictions.
 
 I.
 A.
 
 2
 On November 8, 1990, undercover Special Agent Michael Yott of the Bureau of Alcohol, Tobacco and Firearms (ATF) went to a house in Detroit, Michigan to purchase crack cocaine. Defendant Robinson admitted Agent Yott to the house and defendant Becker then asked Yott what he wanted. Yott replied "rocks." Eddie Clark and defendant Becker led Agent Yott into a bedroom, while defendant Robinson followed them, pointing a rifle at Agent Yott's back. In response to Clark's question, Agent Yott said he wanted two rocks, whereupon Clark reached into a sock and withdrew two rocks of crack cocaine from a small container, which he handed to defendant Becker. Defendant Becker and Agent Yott exchanged the rocks and $24.00 in cash, and defendant Robinson then escorted Agent Yott out of the house.
 
 
 3
 Agent Yott returned to the house thirty minutes later with a team of ATF agents and executed a federal search warrant. The ATF agents seized the loaded .22 caliber rifle defendant Robinson had pointed at Agent Yott, $4.00 of the cash Agent Yott paid for the crack cocaine, and approximately 25 rocks of crack cocaine from the container in Eddie Clark's sock.
 
 B.
 
 4
 Defendants Becker and Robinson and Eddie Clark were all indicted on the following three counts:
 
 
 5
 I. Knowing, intentional and unlawful distribution and aiding and abetting in the distribution "of a mixture or substance containing a detectable amount of cocaine base" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 6
 II. Knowing, intentional and unlawful possession with the intent to distribute and aiding and abetting the possession of "a mixture or substance containing a detectable amount of cocaine base" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 7
 III. Knowing use and aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).
 
 
 8
 Defendant Robinson was named alone in the fourth count of the indictment for violating 18 U.S.C. § 922(g), Felon in Possession of a Firearm.
 
 
 9
 Defendant Robinson filed a "Motion to Dismiss and Merge Counts of the Indictment," arguing that Counts I and II of the indictment were duplicitous because both charged two offenses in each count and multiplicitous because both counts stemmed from the same criminal transaction. He also argued that Counts III and IV were duplicitous and multiplicitous, and requested that the court dismiss or merge Count I with Count II and Count III with Count IV.
 
 
 10
 The district court filed an order denying the motion, finding that the first three counts of the indictment were not duplicitous because aiding and abetting is not a separate offense. The district court also found that none of the counts of the indictment were multiplicitous, explaining that, as to Counts III and IV, "each clearly requires proof of an element that the other does not." The court then noted that the same distinction applied to Counts I and II because each required proof of a different element; "specifically, distribution of cocaine base and possession with the intent to distribute cocaine base." The district court further explained that Counts I and II involved separate quantities of cocaine "because the quantity actually distributed was not the only amount possessed by the defendants."
 
 
 11
 Becker was convicted by a jury on Counts I, II and III and Robinson was found guilty on Counts I, III and IV.[1]
 
 II.
 A.
 
 12
 A defendant's Fifth Amendment right to be free of double jeopardy protects him against "multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969); see also United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir.), cert. denied, 454 U.S. 875 (1981). We review the constitutional issue of multiplicity of charges de novo. United States v. Susskind, --- F.2d ----, 1992 WL 110810 at * 5 (6th Cir. May 28, 1992) (citation omitted).
 
 
 13
 The Supreme Court first announced the test for determining whether offenses are sufficiently separate and distinct to permit cumulative punishment in Blockburger v. United States, 284 U.S. 299, 304 (1932):
 
 
 14
 [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
 
 
 15
 The Court later instructed in Garrett v. United States, 471 U.S. 773, 778 (1985):
 
 
 16
 Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature--in this case Congress--intended that each violation be a separate offense.
 
 
 17
 We have repeatedly stated how these tests are to be applied:
 
 
 18
 [T]he relevant inquiry is whether Congress intended separate offenses and then whether, under the double jeopardy clause, these offenses require proof of different facts in order that the prohibition against double jeopardy is not offended.
 
 
 19
 United States v. Miller, 870 F.2d 1067, 1071 (6th Cir.1989).
 
 1.
 
 20
 As for Counts I and II of the indictment, we do not find that the defendants were charged with two offenses for one transaction and hence find that the defendants have not raised a cognizable multiplicity claim. Rather, we find that the defendants' sale of cocaine to Agent Yott was one transaction addressed by Count I of the indictment and the ATF agents' subsequent seizure of 25 rocks of crack cocaine from the defendants was a separate occurrence addressed by Count II of the indictment.
 
 
 21
 This is not a case where the defendants were charged with both possession with the intent to distribute and actual distribution of the two rocks of crack cocaine sold to Agent Yott. See, e.g., United States v. Stevens, 521 F.2d 334 (6th Cir.1975) (allowing conviction to stand for both offenses, but imposing only one sentence). Nor is this a case where the defendants wished to sell the remainder of their cache of cocaine to Agent Yott as part of a continuing transaction. See, e.g., Costo v. United States, 904 F.2d 344, 347 (6th Cir.1990) (where defendant sold sample of cocaine to undercover agent with intent to sell remainder of cocaine immediately upon approval of the sample, charges of distribution and attempted distribution were part of same transaction and therefore multiplicitous). Rather, the defendants were charged with distribution of two rocks of cocaine and possession with the intent to distribute 25 rocks of cocaine.
 
 
 22
 An analogy to the present case can be found in Blockburger, where the Court held that the defendant's two drug sales to the same customer made one day apart constituted two discrete transactions because the two sales were not part of the same bargain. 284 U.S. at 303. Here, after Agent Yott bought the two rocks of cocaine, he left the defendants' house. In the ensuing half-hour before their arrest, the defendants remained in possession (or came into possession) of 25 rocks of cocaine with the intent, we can infer from the quantity, to distribute the drugs to any willing purchaser. Cf. United States v. Burton, 894 F.2d 188, 192 (6th Cir.) (upholding separate convictions and sentences for possession of marijuana plants in defendant's barn and possession of processed marijuana in defendant's home), cert. denied, 111 S.Ct. 157 (1990).
 
 
 23
 Because the defendants failed to show that their case satisfied Blockburger's "same transaction" requirement, we need not consider whether each of Counts I and II required proof of facts which the other did not.
 
 2.
 
 24
 As for the multiplicity of Counts III and IV of the indictment, we first note that only defendant Robinson was named in Count IV and hence defendant Becker cannot raise a multiplicity claim regarding these counts.
 
 
 25
 Counts III and IV arguably trigger a Blockburger analysis because both counts stem from the transaction in which Agent Yott bought the cocaine.[2] However, moving to the question of congressional intent, it is clear from the language of the statute that Congress required cumulative punishments for a conviction under 18 U.S.C. § 924(c). The statute provides in part:
 
 
 26
 Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
 
 
 27
 18 U.S.C. § 924(c)(1) (Supp.1992).
 
 
 28
 In discussing exactly the same issue we face today, the Court of Appeals for the Seventh Circuit applied the Blockburger test to these two statutes and found that each provision required proof of a fact that the other did not:
 
 
 29
 While section 922(g) requires proof that the defendant who possessed the weapon was a convicted felon at the time he possessed the weapon, section 924(c) does not. Section 924(c), on the other hand, requires that the weapon be used or carried during and in relation to a drug trafficking offense. ... Section 922(g) contains no such requirement.
 
 
 30
 United States v. Garrett, 903 F.2d 1105, 1115 (7th Cir.), cert. denied, 111 S.Ct. 272 (1990). We read the plain language of the statutes the same way and find that Counts III and IV of defendant Robinson's indictment were not multiplicitous.
 
 B.
 
 31
 The defendants also argue that the counts of the indictment were duplicitous. "An indictment is 'duplicitous' when it joins in a single count two or more distinct and separate offenses." Robinson, 651 F.2d at 1194. Because Count IV of the indictment cannot possibly be construed as charging two offenses, we will consider briefly only the language of Counts I through III.
 
 
 32
 The district court held that aiding and abetting is not a separate offense, and we agree with this analysis. See United States v. Maselli, 534 F.2d 1197, 1200 (6th Cir.1976) ("18 U.S.C. § 2 is included in its entirety in every federal indictment"); see also United States v. Kegler, 724 F.2d 190, 200 (D.C.Cir.1984) ("While aiding and abetting might commonly be thought of as an offense in itself, it is not an independent crime under 18 U.S.C. § 2. That statute provides no penalty, but abolishes the distinction between common law notions of 'principal' and 'accessory'.").
 
 
 33
 Therefore we find that Counts I through III of the indictment were not duplicitous.
 
 C.
 
 34
 We have considered the appellants' argument on appeal challenging the qualification of an expert witness at trial and find it to be without merit.
 
 CONCLUSION
 
 35
 The defendants have failed to demonstrate that the counts of their indictment were multiplicitous or duplicitous. Accordingly, the judgments of conviction are affirmed.
 
 
 
 [1]
 Eddie Clark failed to appear for trial
 
 
 [2]
 Of course, one could argue that the gun was used during the commission of a drug-related offense when Agent Yott bought the cocaine and then found in the possession of a felon when ATF executed its search warrant, thereby taking this claim out of the Blockburger "same transaction" test