**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard V. GARDNER, also known as Dickie Gardner, Defendant–Appellant.**

No. 01–5295.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before GUY and BOGGS, Circuit Judges;  CARR, District Judge.*

*ORDER*

Richard V. Gardner, also known as Dickie Gardner, appeals the sentence imposed

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

following his conviction on one count of conspiracy to distribute marijuana, cocaine, and methaqualone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 14, 1998, a grand jury indicted Gardner on one count of conspiring to distribute the above-mentioned controlled substances from approximately 1970 to 1994. The government thereafter notified Gardner that the enhanced penalty provisions of 21 U.S.C. § 841(b)(1) applied to the indictment because he had been convicted in 1971 of felony possession of marijuana in Tennessee. On October 31, 2000, Gardner pleaded guilty pursuant to a written plea agreement and stipulated that he was responsible for conspiring to distribute the equivalent of at least 3,000, but less than 10,000 kilograms of marijuana. In the presentence investigation report (PSR), the probation officer calculated Gardner's total offense level as 37, his criminal history category as I, the resulting sentencing guideline range as 210 to 262 months of incarceration, and the statutory sentencing range as twenty years to life. Gardner objected to the PSR, arguing that his 1971 conviction should not have been used to enhance his mandatory minimum sentence because the underlying offense was part of the conspiracy. The district court overruled his objection, but granted the government's motion for a downward departure based on Gardner's substantial assistance, and sentenced Gardner below the statutory minimum to 168 months in prison.

On appeal, Gardner argues that subjecting him to the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A) due to his 1971 state conviction violates the Fifth Amendment prohibition against double jeopardy because the state conviction was an overt act of the conspiracy alleged in the federal indictment.

The constitutionality of a sentence is subject to de novo review. *Costo v. United States*, 904 F.2d 344, 346 (6th Cir.1990).

The district court properly rejected Gardner's challenge to his sentence. Although the Double Jeopardy Clause protects against successive prosecution and multiple punishment for the same offense. *Witte v. United States*, 515 U.S. 389, 391, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), Gardner has not been subjected to either. "[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes," because the essence of a conspiracy offense "is in the agreement or confederation to commit a crime." *United States v. Felix*, 503 U.S. 378, 389–90, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). Thus, Gardner's 1971 conviction for felony possession of marijuana did not preclude his subsequent federal prosecution for conspiracy to distribute.

Enhancing Gardner's sentence for conspiracy because of the 1971 conviction likewise does not violate the Double Jeopardy Clause even though one of the overt acts for supporting the conspiracy resulted in the prior conviction. "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction," *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), and the Supreme Court has repeatedly held that such statutes do not violate the Double Jeopardy Clause. *Witte*, 515 U.S. at 400, 115 S.Ct. 2199.

Finally, we note that Gardner's prior conviction is an adequate basis for enhancement under § 841(b)(1)(A). "[Sec-

tion] 841(b)'s increased punishments are triggered by predicate criminal episodes that occur at distinct times." *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir.1991). The criminal events that form the bases for Gardner's 1971 conviction and his instant conviction for conspiracy do not represent a single criminal episode, but are separate episodes which occurred at distinct times spanning a twenty-four year period. His continued involvement in a drug conspiracy after his prior conviction is the specific type of repeated criminal behavior which Congress targeted for harsher penalties in § 841(b)(1)(A). *See id.* at 1362.

Accordingly, the district court's judgment is affirmed.