RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0204p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

TERRY EUGENE PENNEY,

         *Petitioner-Appellant,*

  *v.*

    No. 16-5089

UNITED STATES OF AMERICA,

         *Respondent-Appellee*

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
Nos. 1:04-cr-00036-1; 1:11-cv-00035—Curtis L. Collier, District Judge.

Decided and Filed:  September 1, 2017

Before:  COLE, Chief Judge; BATCHELDER and MOORE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  William Norman, Cleveland, Ohio, for Appellant.  Steven S. Neff, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

COLE, Chief Judge.  Terry Penney appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b) for relief from the district court's denial of his motion to amend his 28 U.S.C. § 2255 motion to vacate his sentence.  Penney argues that the district court erred in denying his motion to amend as untimely without first considering the merits of his actual-innocence claim.  We affirm.

## I. BACKGROUND

In 2005, a jury convicted Penney of fifteen drug and firearm offenses and an attempt to kill a federal agent. The convictions arose from a police operation to arrest Penney during a sale of approximately 200 pounds of marijuana. During the execution of a police warrant, Penney fired two gunshots, one injuring federal agent Paris Gillette and the other injuring Detective Marty Dunn. The district court sentenced Penney to 895 months' imprisonment. We affirmed. *United States v. Penney*, 576 F.3d 297 (6th Cir. 2009).

In February 2011, Penney's counsel filed a § 2255 motion, asserting numerous grounds for relief. In August 2013, Penney moved pro se to amend the motion with nine more grounds for relief. The district court denied the § 2255 motion as meritless and, in accordance with a local rule, denied Penney's motion to amend because he was represented by counsel and no order of substitution had been entered. Penney filed a notice of appeal to contest the denial of both motions.

While Penney's appeal was pending, he filed a motion to alter or amend the district court's judgment on the ground that the district court's denial of his motion to amend created a "manifest miscarriage of justice" because, in light of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), "valid claims of actual innocence and unauthorized detention [could] trump time and procedural bars." (Motion to Alter or Amend, R. 431, PageID 1142.) The district court denied the motion. Penney's pending appeal ended when this court denied Penney's application for a certificate of appealability ("COA"), and the Supreme Court denied Penney's petition for a writ of certiorari.

In February 2015, Penney's counsel filed a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and (6), arguing that the district court erred when it denied Penney's motion to amend because (1) the court mistakenly concluded that it lacked discretion to consider Penney's proposed pro se claims; (2) *McQuiggin* required the court to consider the merits of Penney's actual-innocence claims before rejecting them on the procedural ground that they were untimely; and (3) the district court erroneously concluded that several of Penney's proposed pro se claims did not relate back to counsel's timely § 2255 motion.

The district court denied the motion, concluding that both the district court and this court had already rejected Penney's first and third arguments. However, the district court did not address whether *McQuiggin* required it to consider the merits of Penney's proposed actual-innocence claims before rejecting them on procedural grounds. Rather, the district court concluded that Penney's Rule 60(b)(1) request was untimely because he filed it more than one year after the denial of his motion to amend his § 2255 motion, and that he was not entitled to relief under Rule 60(b)(6) because he failed to identify any exceptional circumstances that would entitle him to relief.

Penney filed a timely notice of appeal. We denied a COA as to Penney's argument that his Rule 60(b) motion was timely but granted a COA to determine "whether the district court erred when it denied Penney's motion to reopen the judgment denying his request to amend his § 2255 motion without first considering the merits of Penney's proposed actual-innocence claims." (COA, R. 463, PageID 2811.) In other words, the scope of this appeal is limited to whether a proper showing of actual innocence may allow the district court to consider the merits of those claims despite his untimely Rule 60(b) motion and motion to amend.

## II. ANALYSIS

We review both the denial of a motion to amend a § 2255 motion and the denial of a Rule 60(b) motion for abuse of discretion. *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016); *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). "An abuse of discretion occurs when a district court 'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). We will only find an abuse of discretion "when our review leaves us with a definite and firm conviction that the trial court committed a clear error of judgment." *Franklin*, 839 F.3d at 472 (internal quotation marks and citations omitted).

We analyze under Rule 60(b)(1) rather than Rule 60(b)(6) Penney's motion for relief from the district court's denial of his motion to amend. First, Penney argues that he seeks relief from substantive mistakes of law made by the district court. We have held that "a Rule 60(b)(1) motion is

intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Further, we have concluded that Rule 60(b)(6) should be used only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Moreland v. Robinson*, 813 F.3d 315, 327 (6th Cir. 2016). Because Penney's arguments are of a type for which Rule 60(b)(1) is intended to provide relief, we consider his motion only under that section.

This circuit has not been consistent in addressing whether the Rule 60(b)(1) time limit is a jurisdictional bar or merely a claim-processing rule. *See Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) ("[T]his Rule 60(b) time limit is an affirmative defense, not a jurisdictional bar."); *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (holding that the Rule 60(b) time limit is jurisdictional). If it were a jurisdictional bar, Penney's appeal would end here. But we hold that this time limit is not a jurisdictional rule. Federal Rule of Civil Procedure 82 says that the Federal Rules "do not extend or limit the jurisdiction of the district courts." The Supreme Court has made it clear that Court-prescribed rules governing practice and procedure in the federal courts, which include the Federal Rules of Civil Procedure, "do not create or withdraw federal jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) (citing *Snyder v. Harris*, 394 U.S. 332 (1969)). More recently, in a case involving the Court-created Federal Rules of Bankruptcy Procedure, the Supreme Court—citing *Owen Equipment*—explained that a rule setting a similar time limit was not jurisdictional. *See Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004) (noting these rules are claim-processing rules and that courts, including the Supreme Court, have "more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court," and that claim-processing rules are not properly labeled jurisdictional). Rather, the Court specified, the term "jurisdictional" should be used for "delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id*. at 455. Rule 60(b)'s timing rule falls into neither category. Accordingly, that time limit is not a jurisdictional rule; it is a claim-processing rule.

### A. The miscarriage of justice exception applies to untimely Rule 60(b) motions and motions to amend.

In *McQuiggin*, the Supreme Court held that, when faced with a proper showing of actual-innocence, a court cannot consider a petition's untimeliness as "an absolute barrier to relief."

133 S. Ct. at 1928. Instead, under the miscarriage of justice exception, a prisoner whose claim may otherwise be barred by various federal or state procedural rules "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." *Id.* at 1931 (quoting *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)). However, the "timing of the [petition] is a factor bearing on the reliability of the evidence purporting to show actual innocence." *Id.* at 1928 (internal quotation marks omitted) (alteration in original).

To establish actual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623–24 (internal quotation marks and citations omitted).

We must decide whether a proper showing of actual innocence would allow the district court to consider the merits of Penney's claims despite his untimely Rule 60(b)(1) motion and untimely motion to amend. Both questions are matters of first impression in this court. We answer them in the affirmative.

The Supreme Court in *McQuiggin* emphasized that the miscarriage-of-justice exception is rooted in "the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." 133 S. Ct. at 1931 (citing *Herrera*, 506 U.S. at 404). The Court has applied the miscarriage-of-justice exception to various procedural defaults including "'successive' petitions asserting previously rejected claims, 'abusive' petitions asserting in a second petition claims that could have been raised in a first petition, failure to develop facts in state court, and failure to observe state procedural rules, including filing deadlines." *Id.* at 1931–32 (internal citations omitted). In *McQuiggin*, the Court held that the exception could overcome the filing deadline of the Antiterrorism and Effective Death Penalty Act. We see no reason why the miscarriage-of-justice exception does not apply to these untimely motions.

Accordingly, an actual-innocence claim may be considered on the merits even though it would otherwise be barred by an untimely Rule 60(b) motion and an untimely motion to amend a § 2255 motion to be considered on the merits.

### B.  Penney failed to make the required showing of actual innocence.

Concluding that a proper showing of actual innocence could allow the district court to consider the merits of Penney's claims, we turn next to whether Penney has made the requisite showing, despite Penney's failure to raise before us the arguments he presented to the district court.  We have required a petitioner arguing actual innocence to produce a Supreme Court or Sixth Circuit precedent that establishes that "he now stands convicted of a crime that the law does not deem criminal."  *Phillips v. United States*, 734 F.3d 573, 582–83 (6th Cir. 2013). Penney has failed to meet this threshold burden.  *See id.*

Penney cites *United States v. Dale*, 178 F.3d 429, 431–32 (6th Cir. 1999), for the proposition that because a single conspiracy may have as its objective an intent to distribute multiple types of drugs, charging each drug as a separate conspiracy must be multiplicitous. *Dale* does not stand for this proposition; it merely accepts charging the defendant with a single conspiracy to distribute both drugs and is silent as to the constitutionality of charging each drug as its own conspiracy.  *See Dale*, 178 F.3d at 431–34.  No circuit has found that charging simultaneous possession of two drugs as two crimes violates the Double Jeopardy Clause.  *See United States v. Lockett*, 859 F.3d 425, 428 (7th Cir. 2017) (collecting cases).

Penney also cites *Costo v. United States*, 904 F.2d 344, 348 (6th Cir. 1990), for the proposition that his convictions for possessing with intent to distribute cocaine (counts ten and twelve) and for possessing with intent to distribute marijuana (count eleven) are multiplicitous. However, *Costo* dealt with the government charging for both distribution and attempted distribution of cocaine—the attempt and the completed offense.  *Id.*  That is not the case here. Nor are we aware of any case that would establish that the counts are necessarily multiplicitous.

Furthermore, Penney cites no support for his argument that he was actually innocent under 18 U.S.C. § 36.  Section 36(b)(1) reads:

> A person who, in furtherance or to escape detection of a major drug offense and with the intent to intimidate, harass, injure, or maim, fires a weapon into a group of two or more persons and who, in the course of such conduct, causes grave risk to any human life shall be punished by a term of no more than 25 years, by fine under this title, or both.

Penney argues that (1) the evidence established that the officers were not standing in a group when he fired the shots and (2) if his lawyer had not been ineffective, the lawyer would have convinced the court that the legislative history of the statute indicated that it applied only to drive-by shootings.  The first argument lacks support.  Multiple officers testified that they were standing with the entry team—that included Agent Gillette—when Penney shot her.  The second argument is speculative and does not meet the high burden that we impose on litigants attempting to demonstrate actual innocence. *See Phillips*, 734 F.3d at 582–83.

Although Penney failed to raise his actual innocence arguments before this court, we have thoroughly reviewed the record, and, in viewing the totality of the evidence, we conclude that Penney has not met his burden of showing that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. Accordingly, the district court did not abuse its discretion in denying Penney's Rule 60(b) motion.

### III.  CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Penney's Rule 60(b) motion.