NOT RECOMMENDED FOR PUBLICATION
File Name: 23b0002n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: CURARE LABORATORY LLC,

          *Debtor*.

———————————————————————————

BLUEWATER TOXICOLOGY, LLC; SOLAR HOLDINGS GROUP, LLC; JENNIFER BOLUS,

          *Appellants*,

   *v*.

CURARE LABORATORY LLC,

          *Appellee*.

No. 22-8023

Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Louisville.
No. 3:21-bk-31588—Charles R. Merrill, Bankruptcy Judge.

Decided and Filed:  June 16, 2023

Before: CROOM, DALES, and MASHBURN, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  James R. Irving, DENTONS BINGHAM GREENBAUM, LLP, Louisville, Kentucky, R. Kenyon Meyer, DINSMORE & SHOHL LLP, Louisville, Kentucky, CARROLL M. Redford, III, MILLER GRIFFIN & MARKS, P.S.C., Lexington, Kentucky for Appellants. Tyler R. Yeager, Burt A. (Chuck) Stinson, KAPLAN JOHNSON ABATE & BIRD LLP, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

RANDAL S. MASHBURN, Bankruptcy Appellate Panel Judge.  This appeal involves a bankruptcy court's use of Federal Rule of Civil Procedure 60(b) to reinstate a bankruptcy case that it had previously dismissed as having been filed without corporate authority.  The reinstatement was based on a ratification that occurred post-dismissal.  Because the bankruptcy court applied the wrong standard for setting aside its prior dismissal order and the Panel finds no basis in the record to affirm the decision under Rule 60(b), the bankruptcy court's order setting aside the dismissal and reinstating the case is VACATED and the matter is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

**ISSUES ON APPEAL**

Appellants raise the following issues on appeal:

Did the Bankruptcy Court err in reinstating the case because the individual who authorized the reinstatement resigned prior to the filing and therefore lacked authority?

Did the Bankruptcy Court improperly grant relief under Federal Rule of Civil Procedure 60(b) in the Order Granting Motion to Reinstate?

Did the Bankruptcy Court err in failing to dismiss *In re Curare Laboratory LLC* (the "Chapter 11 case") with prejudice?

(First Corrected Appellants' Br. at 2, BAP Case 22-8023, ECF No. 11.)  The Panel finds the second issue to be dispositive and does not reach the first.  As will be discussed *infra*, the Appellants waived the third issue.

**JURISDICTION AND STANDARD OF REVIEW**

Without determining whether either order was a final order, the Bankruptcy Appellate Panel granted leave to appeal the dismissal order and the order setting it aside because this appeal involves the fundamental issue of whether the debtor was legitimately in bankruptcy with appropriate corporate authority.  *See Bellanti v. Land Escape Outdoor Maint.* (*In re Bellanti*), 476 B.R. 504, 509 (E.D. Mich. 2012) (finding that an order setting aside a dismissal and

reinstating a case is not final but allowing interlocutory appeal under the circumstances). The Panel does not reach the merits of the corporate authority issue because the bankruptcy court did not rely upon appropriate procedural grounds for setting aside the dismissal.

An order setting aside a dismissal pursuant to Federal Rule of Civil Procedure 60(b) is reviewed for abuse of discretion. *Id*. at 509-10 (citing *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)). An abuse of discretion occurs when the bankruptcy court "relie[s] upon clearly erroneous findings of fact, improperly applie[s] the governing law, or use[s] an erroneous legal standard." *Doe v. Mich. State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)).

**FACTS**

Although this appeal hinges on the application of a procedural rule, an understanding of the parties and the procedural history is required.

Curare Laboratory, LLC (the "Debtor" or "Curare"), was formed in August 2017 to be a toxicology lab and to partner with and purchase membership interests in Bluewater Toxicology, LLC ("Bluewater Toxicology"), which is a medical diagnostics company that performs a variety of laboratory services. In September 2017, Curare contracted to purchase an 80% membership interest in Bluewater Toxicology from its owners Jennifer Bolus ("Bolus") and Solar Holdings Group ("Solar"; collectively with Bluewater Toxicology and Bolus, the "Bluewater Parties"). The purchase price was $4,000,000, for which Curare paid $250,000 at closing and executed a promissory note for the remaining $3,750,000, which was secured by various collateral. No payment on the $3,750,000 obligation was ever made. Ownership and control of Bluewater Toxicology has been contested among the parties for years.

In December 2017, Bolus and Solar filed a state court lawsuit against Curare for breach of contract and other causes of action. Curare filed counterclaims for breach of representations and warranties. In state court, Solar filed a Motion to Take Possession, Custody and Control of All Bluewater Assets, Accounts, and Property Based on Abandonment, and on July 30, 2018, the state court entered an order transferring possession, custody, and control of Bluewater's assets, accounts, and property to Solar and Bolus pending final adjudication on the merits. The state

court litigation stalled for the next few years until the court indicated it would dismiss the proceeding for lack of prosecution if the parties took no further action. Solar then filed a motion for summary judgment on July 19, 2021.

Around the same time, Curare's ownership changed hands. One week after Solar's summary judgment motion was filed in state court, Curare's initial manager, Kevin Liske ("Liske"), entered into an agreement transferring all his interest in Curare to an entity called JJSquared. Liske also executed a document purporting to appoint that entity's owner, Tyler Burke ("Burke"), as Curare's new manager responsible for controlling all of Curare's operations.

Curare filed its chapter 11 bankruptcy petition on July 29, 2021, three days after Liske had entered into the transfer agreement, with the intent of restoring its possession and control of Bluewater Toxicology. Burke signed the petition on Curare's behalf. Bluewater Toxicology filed its first motion to dismiss ("First Motion to Dismiss") on August 8, 2021. In this motion, they asserted that the filing was made in bad faith. The bankruptcy court denied the First Motion to Dismiss on September 13, 2021.

On November 16, 2021, the Bluewater Parties filed another motion to dismiss the bankruptcy case ("Second Motion to Dismiss"). The Bluewater Parties stated two reasons for dismissal: (1) the Debtor's petition was filed without proper corporate authority; and (2) the Debtor failed to file a plan within the time periods set forth in the Bankruptcy Code. (*In re Curare Laboratory, LLC*, Bankr. Case 21-31588, ECF No. 171.)[1] The Bluewater Parties' Second Motion to Dismiss only states those two grounds and does not assert any further basis tied to the bad faith allegations asserted in the First Motion to Dismiss.

In February 2022, the court conducted a three-day evidentiary hearing on multiple motions including the Second Motion to Dismiss. The court heard testimony from several members of Curare, as well as Bolus, Liske and Burke. Three versions of Curare's operating agreement were entered into evidence, with the parties disputing which agreement controlled. The parties also filed post-hearing briefs.

---

[1]References to the bankruptcy court docket will be cited as "Bankr. Case 21-31588, ECF No. __."

On August 1, 2022, the bankruptcy court entered a memorandum opinion and order dismissing the chapter 11 bankruptcy case "without prejudice to refiling, due to the apparent lack of authority to file bankruptcy." (Mem. Op. & Order at 30, Bankr. Case 21-31588, ECF No. 346 (the "Dismissal Order").) In the Dismissal Order, the bankruptcy court examined which operating agreement controlled and, based on that agreement and actions taken, who had authority to file bankruptcy for Curare.

The bankruptcy court found Burke lacked the corporate authority required to sign the bankruptcy petition on the Debtor's behalf. The bankruptcy court found Operating Agreement C, which had been signed by eight members, controlling. Operating Agreement C required a member vote and 85% approval for Burke's appointment to be effective. The bankruptcy court cited the uncontroverted testimony that Curare had not held a member's meeting or a vote prior to or following Burke's purported appointment as the basis for its conclusion that Burke lacked authority. Accordingly, the bankruptcy court found that Liske remained the manager of Curare at the time of the filing.

Two days after the entry of the Dismissal Order, on August 3, 2022, Liske executed a document purporting to ratify the bankruptcy filing. The next day, on August 4, 2022, Curare filed a Rule 60(b) motion seeking to set aside the Dismissal Order and reinstate the bankruptcy case ("Motion to Reinstate"), which was opposed by the Bluewater Parties. The court conducted a hearing on the motion on August 31, 2022. That same day, the bankruptcy court entered a one-page order granting the Motion to Reinstate. (Order Granting Motion to Set Aside Dismissal and Reinstate Case, Bankr. Case 21-31588, ECF No. 356 (the "Reinstatement Order").) The court did not include any reasoning in the Reinstatement Order but did state some rationale from the bench.

The Bluewater Parties filed the present appeal arguing that the bankruptcy court erred in setting aside the dismissal through the Reinstatement Order and challenging the bankruptcy court's earlier decision to grant dismissal *without* prejudice rather than *with* prejudice.

**DISCUSSION**

I.  Decision to Set Aside the Dismissal Order.

The primary issue before the Panel is the bankruptcy court's decision to set aside its Dismissal Order and reinstate Curare's bankruptcy case.  Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons.  Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.  Curare sought relief under subsection (1) for "mistake, inadvertence, surprise, or excusable neglect" and subsection (6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6).  "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted)

An order granting Rule 60(b) relief is reviewed for an abuse of discretion.  *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citation omitted).  "An abuse of discretion exists when a court 'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Id.* (citation omitted).  The appellate review focuses not on the merits of the underlying decision, but on whether one of the specified circumstances under Rule 60(b) exists entitling the movant to reopen the merits of his case.  *Id.* (citation omitted).

A.  Legal Standard Applied by Bankruptcy Court.

The Reinstatement Order does not include any rationale, but the bankruptcy court did provide limited reasoning in its oral ruling during the August 31 hearing.  The bankruptcy court stated:

> Well, based on what's before the Court, I'm going to grant the motion to reinstate. I think here that there really hasn't necessarily been a reckless disregard for the effect of the conduct on the proceedings.  And I don't particularly see the prejudice.  And in terms of the meritorious defense, I think they've posited, the Debtor has posited one.

(Tr. Aug. 31, 2022 Hr'g at 26:8-14, Bankr. Case 21-31588, ECF No. 398.)  This is the only rationale that the court provided for setting aside the dismissal, other than the court's analysis of

the effectiveness of the underlying ratification. The bankruptcy court's language tracks the following language from *Williams v. Meyer*, which both parties cited as the applicable standard in their bankruptcy court briefs:

> In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense.

*Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citation omitted).

The three factors set forth in *Williams v. Meyer* are the "good cause" factors for setting aside an entry of default under Federal Rule of Civil Procedure 55, which the Sixth Circuit held should also apply when seeking to set aside the entry of a default judgment under Rule 60(b). *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1983); *see also Geberegeorgis v. Gammarino* (*In re Geberegeorgis*), 310 B.R. 61, 67 (B.A.P. 6th Cir. 2004) (citation omitted) ("Where Rule 60(b) is invoked to set aside a default judgment, a trial court is directed to consider three equitable factors derived from [Rule] 55 jurisprudence as to "good cause" for setting aside default entries[.]"). Although not a default judgment case per se, the Sixth Circuit noted in *Williams v. Meyer* that the facts of the habeas case before it were such that the principles applicable to default judgments should apply. *Williams*, 346 F.3d at 613 n4.

The parties' citation of the *Williams v. Meyer* standard and the bankruptcy court's reliance thereon was in error. The present case does not involve a default judgment or any default-type facts. The dismissal was hotly contested before the bankruptcy court and involved a three-day hearing with multiple witnesses – the antithesis of a default situation. Therefore, the bankruptcy court erred by applying a default standard in deciding to set aside the Dismissal Order.[2]

The bankruptcy court does not appear to have conducted an analysis under Rule 60(b)(1) or (b)(6), the two subsections pursuant to which Curare requested relief. Because the Panel may

---

[2]Even when setting aside a default judgment, a court must still find that one of the subsections of Rule 60(b) applies before granting relief. Fed. R. Civ. P. 55(c); *see also Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006).

affirm on grounds not considered by the bankruptcy court, *In re Moran*, 385 B.R. 799 (B.A.P. 6th Cir. 2008), it will consider whether the record provides a basis to affirm under either subsection of Rule 60(b).

### B. Rule 60(b)(1)

Under Rule 60(b)(1), a court may set aside a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In its Rule 60(b) motion, Curare argued that "Kevin Liske's belief that he had authority to appoint Tyler Burke as manager under the Debtor's operating agreement was either mistake or excusable neglect." In the same vein, Curare asserted that "Tyler Burke's belief that he was the duly appointed manager was likewise based upon mistake or excusable neglect." (Mot. to Reinstate at 4, Bankr. Case 21-31588, ECF No. 348.) Even if the bankruptcy court had found that Liske's and Burke's beliefs as to corporate authority were sincere, though mistaken, they are not the type of party or counsel mistake for which relief is typically granted under Rule 60(b)(1).[3]

"Mistake" and "excusable neglect" are not defined in Rule 60, but case law generally focuses on mistakes and neglect by the parties or counsel in the conduct of the litigation. *See* 12 Moore's Federal Practice - Civil § 60.41 (2023) (collecting cases in which relief was granted when combined with facts justifying and excusing the mistakes, and categorizing the mistakes as: (i) proceeding to trial under a mistaken assumption of issues to be tried; (ii) attorney lacking authority for settlement of the litigation; (iii) appeal not timely filed; (iv) deadline missed due to an ambiguous, misleading local rule; (v) ignorance of local procedures; (vi) failure to appear at trial; (vii) inability to hire counsel or communicate with the court; and (viii) procedural errors by lay parties). Relief is typically not granted for willful or deliberate conduct. *Id.*

Here, the primary "mistake" to be considered under the Rule 60 analysis is not that the filing was without corporate authority, but that Curare chose not to try to fix the problem until

---

[3]Rule 60(b)(1) may also provide relief when a judge makes a mistake of law or fact in a final judgment, *Kemp v. United States*, -- U.S. --, 142 S. Ct. 1856, 1862 (2022); *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017); however, Curare did not argue that the bankruptcy court made a mistake of fact or law in this case. Additionally, Curare did not challenge the bankruptcy court's ruling regarding Burke's corporate authority (or the lack thereof) to file the chapter 11 petition. Indeed, in seeking post-dismissal ratification, Curare effectively concedes the defects in the original petition.

after the case was already dismissed.  The undisputed facts are that Curare was on notice as of November 2021, eight months before the court's ruling, that Tyler Burke's authorization of Curare's bankruptcy filing was disputed.  In response, Curare argued that Burke had the requisite authority and presented evidence of that purported authority during the three-day evidentiary hearing in February 2022.  The bankruptcy court examined the evidence before it and determined in its 30-page Dismissal Order that Burke lacked the authority to file bankruptcy on Curare's behalf.  Instead, the court determined that Kevin Liske was still the manager of Curare and the appropriate person to authorize the filing.  Only after that decision did Curare consider Burke's authorization to be a "mistake" and seek to correct it through ratification and a Rule 60(b) motion.[4]  Curare misapprehended the legal effect of the facts at issue, and then pursued a mistaken strategy of defending Burke's authority to file the petition (rather than ratifying the filing before the bankruptcy court dismissed the case).  The errors involved Curare's legal analysis and litigation strategy.

Sixth Circuit law is clear that "strategic miscalculation" and "misinterpretation of the law" by counsel are not the type of mistake or excusable neglect that justifies relief from a final judgment under Rule 60(b)(1).  *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 593 (6th Cir. 2022) (citation omitted).  "[A] Rule 60(b) motion may not be used 'as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.'"  *Id.* at 594 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)); *see also FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (internal quotations and citations omitted) ("Where counsel makes a deliberate choice to rely on one legal theory, the party cannot thereafter attempt to be relieved of the consequences of that

---

[4]The timing of the ratification is the operative fact for the Rule 60(b) analysis.  This opinion should not be read to imply that ratification of a corporate bankruptcy petition is not possible.  Under the right circumstances, courts have allowed ratification to cure an eligibility issue.  *See PHI Air Med., LLC v. Westenhoefer* (*In re White*), 561 B.R. 413, 419 (Bankr. E.D. Ky. 2016); *see also Off. Comm. of Unsecured Creditors of Renaissant Lafayette LLC v. Interforum Holding LLC*, No. 11-C-0172, 2013 WL 1163783, at *5 (E.D. Wis. Mar. 20, 2013) (citation omitted) ("Nevertheless, an unauthorized filing of a voluntary petition in bankruptcy on behalf of a corporation may be ratified in appropriate circumstances by ensuring conduct of persons with power to have authorized it originally."); *Dearborn Process Serv., Inc. v. Storner* (*In re Dearborn Process Serv., Inc.*), 149 B.R. 872, 878-79 (Bankr. N.D. Ill. 1993) (citation omitted) (defect in corporate authority to file bankruptcy petition can be cured by subsequent ratification under Illinois law); *In re Gas Reclamation, Inc.*, 51 B.R. 860, 865 (Bankr. S.D. Tex. 1985) (citations omitted) ("If there has been no proper corporate authorization, the filing can still be valid if there has been a subsequent ratification or acquiescence on behalf of the corporation.").

conscious decision should the theory prove to be unsuccessful."). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted). However, that is precisely what the bankruptcy court allowed by granting the Rule 60(b) motion. When a party seeks relief from a final order, Rule 60(b) cabins the trial court's discretion.

Therefore, the facts and judicial findings in the record do not provide a basis for affirming the Reinstatement Order under Rule 60(b)(1).

### a. Rule 60(b)(6)

Curare also argued that if Rule 60(b)(1) was not applicable that it was "in the interest of justice" and "judicial economy" to reinstate the case under Rule 60(b)(6). (Mot. to Reinstate at 5, Bankr. Case 21-31588, ECF No. 348.) Rule 60(b)(6) allows a court to set aside a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This subsection is well recognized to apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal*, 249 F.3d at 524. Since "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," relief under subsection (b)(6) is rarely justified. *McCurry*, 298 F.3d at 595 (citation omitted). It should only be used when "principles of equity *mandate* relief." *Blue Diamond Coal*, 249 F.3d at 524 (citation omitted).

The bankruptcy court's only findings in support of the relief granted were that Curare had not shown a reckless disregard for the proceedings and the Bluewater Parties would not be prejudiced. These limited findings do not present the type of extraordinary circumstances that justifies setting aside the dismissal under Rule 60(b)(6). In fact, the record reflects circumstances that are quite ordinary and therefore outside the scope of Rule 60(b)(6). Lawyers regularly make strategic decisions that prove to be misguided and pursue legal approaches that turn out to be unsuccessful.

Curare made a defective filing for the reasons thoroughly explained in the bankruptcy court's Dismissal Order. After the problem was raised by the Bluewater Parties, Curare chose

not to try to eliminate the defect during the three months before the evidentiary hearing. Then it likewise chose not to take any action to fix the problem during the five months between the hearing and the ruling. Only after losing on the corporate authority issue did Curare attempt to address the flawed filing through ratification. It may be odd that Curare chose this path – to rely solely on the argument that the filing was made with proper authorization rather than take action to ratify the filing before dismissal – but misguided decisions do not equal extraordinary circumstances warranting relief from a final judgment. If every losing party could rely on Rule 60(b)(6) to undo faulty strategic decisions, the whole concept of finality in judgments would go out the window.

With no evidence of extraordinary circumstances, the record on appeal does not present grounds to affirm the Reinstatement Order based on Rule 60(b)(6).

II. The Bluewater Parties waived any challenge to the dismissal "without prejudice".

In their appellate brief, the Bluewater Parties also assert that the bankruptcy court erred in dismissing Curare's case *without* prejudice as opposed to *with* prejudice. This issue was raised for the first time on appeal.

Unless the court orders otherwise for cause, a dismissal of a bankruptcy case is without prejudice to refiling.[5] 11 U.S.C. § 349(a). The Bluewater Parties do not cite to any express request for dismissal with prejudice in the record. They did not request dismissal with prejudice in their Second Motion to Dismiss, nor do they assert that the grounds they raised in that motion (i.e., unauthorized corporate filing and untimely plan filing) justify dismissal with prejudice. They likewise did not request dismissal with prejudice during the February 2022 evidentiary hearing or in their post-trial brief following that hearing. (Bluewater Parties' Post-Trial Brief, Bankr. Case 21-31588, ECF No. 284.)

Instead, they argue that Bluewater Toxicology presented cause for dismissal with prejudice based on alleged bad faith filing in its First Motion to Dismiss, which the bankruptcy court denied in September 2021. Not only did this motion likewise lack a request to dismiss with

---

[5]The exception in 11 U.S.C. § 109(g) does not apply to corporate debtors.

prejudice, the Bluewater Parties did not appeal the denial so it is not before the Panel. (First Motion to Dismiss, Bankr. Case 21-31588, ECF No. 31.)

The Bluewater Parties also argue that they presented evidence that would support dismissal with prejudice based on bad faith at the February 2022 evidentiary hearing. Even if facts in the record might support a dismissal with prejudice, the Bluewater Parties cannot claim that the bankruptcy court erred in not granting something that they did not request. *See Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (citation omitted) ("Although parties may brief an issue before this Court, 'the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal.'"); *R.D.F. Devs., Inc. v. Sysco Corp.* (*In re R.D.F. Devs., Inc.*), 239 B.R. 336, 340 (B.A.P. 6th Cir. 1999) (citation omitted) ("Appellate courts ordinarily do not consider issues raised for the first time on appeal [and] [a]n argument is waived that is not first presented to the bankruptcy court."). Any argument that the dismissal should have been with prejudice is waived.[6]

## CONCLUSION

For the reasons stated, the Order Granting Motion to Set Aside Dismissal and Reinstate Case is VACATED, and the matter is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

---

[6]In their Second Motion to Dismiss, the Bluewater Parties also asserted that "[p]ursuant to 11 U.S.C. § 1112(b)(4)(J), the failure of a debtor to 'file or confirm a plan, within the time fixed" is cause for dismissal. (Appellants' Br. at 39-40.) On appeal, the Bluewater Parties cited one out-of-circuit case for the premise that "meeting the requirement of Section 1189(b) . . . is stringent," but they did not cite any authority to suggest that the requirements are mandatory or that failure to comply creates an absolute basis for dismissal of a case. In fact, the authority cited by the Bluewater Parties holds the opposite. In the single case the Bluewater Parties cited, the court "found that nothing in the language of § 1189(b) requires a motion to extend the plan-filing period be brought, heard or granted before the expiration of the 90-day time frame, and that § 1189(b), by its terms, implies that the Court may, in its discretion, grant retroactive relief[.]" *In re Online King LLC*, 629 B.R. 340, 348 (Bankr. E.D.N.Y. 2021). Because the Bluewater Parties made no attempt to develop any meaningful argument that the bankruptcy court abused its discretion in granting an extension of time to file a plan, the issue is waived. *Johnston v. Hildebrand* (*In re Bagsby*), 40 F.4th 740, 749 (6th Cir. 2022) (citation omitted) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waive[d].").